## PERRY CLEPPER V. THE STATE.

No. 20137. Delivered February 1, 1939.

The opinion states the case.

*Thos. L. Robinson,* of Gatesville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor in a dry area for the purpose of sale; the punishment, a fine of $150.

It is shown in bill of exception No. 3 that the county attorney, in addressing the jury, used language as follows: "The defendant can, in some instances, overcome evidence that he didn't possess beer for the purpose of sale, but I haven't heard any evidence from the defendant that he didn't possess it for the purpose of sale."

Appellant objected to the argument on the ground that it constituted a direct reference to his failure to testify. The objection was overruled. We think the bill of exception presents a violation of the mandatory provisions of Art. 710, C. C. P., which prohibits allusion to or comment on the accused's failure to testify. Brumbelow v. State, 54 S. W. (2d) 528. It follows that we are constrained to order a reversal of the judgment.

The opinion is expressed that upon another trial the court should submit an instruction covering the law of circumstantial evidence.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.