WILLIAM THOMAS CARDWELL, JR. V. STATE

No. 25358. October 10, 1951.
Appellant's Motion for Rehearing Granted
November 21, 1951.

458

Hon. Joe B. Brown, Judge Presiding.

*James H. Martin,* Dallas, *Irwin & Irwin* and *Robert C. Benavides,* Dallas (on motion for rehearing only) for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of driving on a public highway while intoxicated and assessed six months in jail, together with a fine of $500.00.

The state alleged that appellant drove an automobile on the streets of the city of Dallas on September 26, 1950, while intoxicated. The evidence is sufficient to sustain the conviction. Appellant's car was in a collision with a police officer who was helping the school children across an intersection of Fort Worth and Jacqueline Streets. Within a few minutes after the accident, in which the officer received a broken leg, another policeman arrived. After giving assistance to the injured policeman, he made an investigation of the cause of the accident. Defendant was present and his car was standing to one side. According to the state's evidence the officer asked who was driving the car. To this, appellant answered that he was. Appellant contradicted this evidence and said that the policeman asked to whom the car belonged and he answered that it was his. The witnesses disagree on this important fact and the jury found against appellant's contention.

In presenting the case on appeal the contention seems to

have been on the ground that the appellant correctly stated the facts. Inasmuch as the jury's verdict determined the question no issue can be brought to this court.

The injured policemen testified that while he was helping the children across the street a car ran around a red light and hit him.

The record in this case has seventeen bills of exception. Bill of Exception No. 4 seems to be the one chiefly relied upon. This raises the question as to the sufficiency of the evidence to prove the corpus delicti. Appellant relies on Pena v. State, 153 Tex. Cr. R. 637, 224 S. W. 2d 258, in support of this contention. We think quite a distinguishment is to be made between the two cases. In the Pena Case there was evidence that the truck in question belonged to the accused. He said he had just bought the truck. When the policeman who testified was called into the case he found that the truck had run into a car parked beside the street. No one was present. Pena soon arrived on the scene. The policeman concluded from all of his actions that Pena was intoxicated. To his inquiry the accused admitted that he had been drinking some. The officers made no other inquiry and, even though the truck belonged to Pena, there was no evidence that he was driving it. Unless the truck was driven by somebody who was intoxicated the crime of driving while intoxicated was not proven. So far as the record disclosed someone else, and not Pena, was driving the truck. The case was reversed on that theory.

In the instant case there is evidence that appellant was driving the car, as above set out, and there is evidence that he was intoxicated. If he was driving and if he was intoxicated then the corpus delicti was proven.

Bill of Exception No. 7 quotes at length from the statement of facts. This is in question and answer form which is authorized by the trial court. So many subjects are treated that we are unable to determine what complaint appellant has in mind.

By Bill of Exception No. 17 appellant attempts to raise a question which would be quite a serious one if the bill were complete. He copies several excerpts from the argument of the assistant district attorney, in closing the case, and then states as a fact that: "The foregoing excerpts is fairly illustrative of Mr. Mac Nicoll's closing argument to the jury. All of said argu-

ment was made in a manner calculated to inflame the minds of the jury, secure a conviction and a heavy penalty to satisfy the News Paper clamor generally for law enforcement. The entire argument was illegal, inflammatory, highly prejudicial and calls for a reversal of this case."

The court signed this bill without qualification which, if properly presented, would be a certificate of error which this court would respect and the case would be reversed. However, the bill is entirely silent on the question of whether or not such arguments were made in reply to any argument of defense counsel and whether or not it was invited by any argument made in appellant's behalf. Such bills have so frequently been held to be fatally defective that we think a discussion is no longer necessary. It would seem, too, that the holding of the court is such that a trial judge should at least examine the bill to see if he is certifying error. The prosecuting attorney is not without some duty to look at a bill before it is approved by the court.

All other bills have been considered and are overruled without discussion. The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

A re-examination of appellant's Bill of Exception No. 7, in the light of his motion for rehearing, convinces us that it deals with a single subject and is not multifarious.

The bill begins with the statement: "Be it remembered that on the trial of this case the following things and matters happened, while the defendant was under *afrest,* which were highly prejudicial to his rights and calls for a reversal of this case, to wit:"

There follows a number of questions and answers, objections, remarks of counsel, rulings of the court and exceptions to the rulings, all of which relate to the testimony of an officer to the effect that appellant, while under arrest, refused to take a sobriety test based on co-ordination, offered by a doctor of the city health department.

The bill concludes with the following paragraph: "The matters and things complained of herein were permitting in evi-

dence statements, acts and declarations of the defendant while under arrest, not having been warned or the Statute complied with regarding confessions. The evidence which the Court admitted is very damaging and prejudicial and is reversible error."

The trial court approved the bill without qualification.

The state cannot avail itself of the silence or refusal of an accused prisoner as a circumstance tending to establish his guilt. See Carter v. State, 23 Tex. App. 508, 5 S.W. 128; Elliott v. State, 152 Tex. Cr. R. 285, 213 S.W. (2) 833; Sharp v. State, 153 Tex. Cr. R. 96, 217 S.W. (2) 1017.

The testimony should not have been admitted and the bill certifies reversible error.

Appellant's motion for rehearing is granted, the affirmance is set aside and the cause is now reversed and remanded.

Opinion approved by the court.