## CHARLES ROYAL V. STATE

No. 26,989.   October 20, 1954
State's Motion for Rehearing Denied December 15, 1954

*Clay Coggins,* Roby, for appellant.

*Phil Davis,* County Attorney, Aspermont, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 20 days in jail and a fine of $50.00.

The original opinion herein is withdrawn, and the following substituted in lieu thereof.

Bill of Exception No. 13 complains of an allusion to the failure of the appellant to testify contained in the following argument of the prosecutor, to-wit:

"According to Mr. Vaughan, *and nobody has denied the truth*, Mr. Vaughan said to him when he arrested him, 'You are drunk.' He said, 'No, I am not drunk, I have had some beer.' According to my observation he had become intoxicated and under the influence of intoxicating liquor as shown by his own conduct, *which nobody has denied.*"

Now that we ascertain that the bill of exception is sufficient, we are inclined to agree with appellant and hold that the above argument violated the mandatory provisions of Article 710, C.C.P., and constitutes reversible error. See also Clepper v. State, 136 Texas Cr. Rep. 161, 124 S.W. 2d 398, and Williams v. State, 156 Texas Cr. Rep. 484, 243 S.W. 2d 837.

Another matter which we have concluded to be error is reflected by Bill of Exception No. 10. The witness Springer testified that soon after the appellant's arrest he went to the jail to see him. He was then asked this question, "Did the defendant Charlie Royal ask you to get Dr. Mansel to make a blood test on him to determine whether he was intoxicated?" In response to the state's objection, the court instructed the jury to disregard the question and the witness' affirmative answer. In so doing, he fell into error.

It is true that in Cardwell v. State, 156 Texas Cr. Rep. 457, 242 S.W. 2d 702, we held that it might not be shown that the appellant, while under arrest, refused to take a sobriety test. But that case is bottomed upon the fundamental rule of law that the state cannot avail itself of the silence or refusal of an accused person as a circumstance tending to establish his guilt.

We are here confronted with an entirely different situation. The state proved that the arresting officers requested Dr. Mansel to make a blood test, yet the court declined to permit the jury to consider testimony that appellant also desired that such a test be made by Dr. Mansel. If the request had been granted,

the results of the test, if it had been made, would have been admissible for either the state or the accused. It therefore follows that such request alone was not a self-serving declaration.

We are grateful to appellant's able attorney for pointing out the errors in our original opinion herein.

The motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is now reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

A determination of whether the argument complained of was or was not objectionable or whether the bill of exception was or was not sufficient is not necessary to a disposition of the case. The judgment must be reversed because of the failure to permit proof of the fact that appellant desired to have a blood test made upon the issue of intoxication.

We remain convinced of the correctness of the conclusion expressed.

The state's motion for rehearing is overruled.

Opinion approved by the court.

### ON STATE'S MOTION FOR REHEARING

GRAVES, Presiding Judge (Dissenting).

This cause was reversed by my brethren upon what appears herein as appellant's Bill of Exception No. 13, and the contents thereof as set forth in the original opinion to which statement we append the following objection as shown by the bill:

"Mr. Coggins: I object. That is a direct reference to the defendant's failure to testify.

"The Court: Objection overruled.

"Mr. Coggins: Note our exception. Defendant did not testify."

This is the end of the bill. In the first place, we think this bill is insufficient because it is not shown therefrom that the

appellant was the only one who could have denied his intoxication at the time inquired about.

In 4 Texas Jur. p. 397, sec. 264, it is said:

"A bill complaining of a statement that certain testimony or facts had not been denied or disproved, or of a reference to the absence of evidence to show certain facts, or of an argument challenging the jury to explain certain matters as being an indirect reference to the failure of the accused to testify, is insufficient when it does not show that no one other than the appellant was in a position to contradict the testimony or to disprove the statement, or to explain the matter."

See also Musgrove v. State, 159 Texas Cr. Rep. 571, 265 S.W. 2d 820, 825, wherein it was held that the bill was insufficient because it failed to show that the defendant failed to testify, and also because it failed to recite that there were no other persons present who might have testified as to the fact in issue.

We do not think that this matter would justify the reversal of this cause. There were many people who saw the appellant and whom the appellant was bound to have seen at the time he was driving his car in what the jury found to be an intoxicated condition. He was pursued by a deputy sheriff and finally captured by him. There was another person in the officer's car at the time appellant was being pursued and at the time he was captured, as well as other persons who were on the street of the county seat of that county, as well as others who observed him at the jail after he was apprehended.

Secondly, this cause was reversed on the further proposition, it being Informal Bill of Exception No. 10. While Mr. N. E. Springer was on the stand, he was asked by the appellant's attorney if he saw the appellant at the jail on the date of his arrest. The testimony shows that the witness did see appellant on that day some one or two hours after his arrest and talked with him. This witness was at the jail for the purpose of making the appellant's bond, but the officers refused to allow him to do so at that time. The appellant was then in jail and was sitting at an upstairs window. The witness testified that having seen him at this distance, he formed the opinion that the appellant was not drunk; that he saw appellant again after he had been let out of jail, and that appellant asked him while he was in jail to get Doctor Mansel to take a blood test to determine whether

or not he was intoxicated. The state objected to this question and answer, and the court excluded the same from the jury. This Informal Bill No. 10 is utilized by the majority of the court as a further error herein.

I do not agree thereto. In the first place, the testimony shows that before this man was placed in jail he was taken to a doctor's office and the arresting officer requested that a blood test be taken of the appellant. This same Doctor Mansel refused to do so because he was not in possession of the necessary facilities for taking such blood test and could not get same. This went in without objection at the instant appellant was being taken to the jail for the purpose of being locked up therein. Under these circumstances, the court reversed this cause in conjunction with the first error set forth in the opinion herein.

I think this would have been a self-serving declaration and was such. If so, if sufficient time had elapsed in order to give appellant time to fabricate his story then such declaration would not be admissible herein. It is either self-serving or disserving. Certainly it was not offered for disserving purposes, and the lapse of time had occurred whereby one could fabricate his defense. Therefore, I think such statement would not be admissible. See Rains v. State, 140 Texas Cr. R. 548, 146 S.W. 2d 176. I think it would be just as reasonable to allow the appellant to testify that while in jail he told the witness that he was not guilty.

For these reasons, I think the state's motion for rehearing should be granted and that this cause should be affirmed. Therefore, I respectfully enter my dissent to a reversal of this cause.