## Virgil Lee Strickland v. State

No. 31,931. May 18, 1960
Motion for Rehearing Overruled June 22, 1960

*Dan Abbott,* Abilene, for appellant.

*Bill Thomas,* County Attorney, by *Nelson Quinn,* Assistant County Attorney, Abilene, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for driving while intoxicated; the punishment, 60 days in jail and a fine of $200.

The state's testimony shows that on the date alleged, the appellant, while driving his automobile upon a public street in the city of Abilene, collided with two automobiles from the rear which had slowed down at an intersection. Witnesses called by the state, including investigating officer K. O. Stephens and Police Sergeant C. B. Strickland, who observed appellant after the collision, testified that they could smell alcohol on the appellant and expressed the opinion that at such time he was under the influence of intoxicating liquor.

Testifying in his own behalf, appellant admitted having taken one drink of whisky prior to the collision but denied being intoxicated.

Witnesses were called by the appellant, who had observed him either before or after the collision and who testified that at such times he was sober.

The jury chose to resolve the conflict in the testimony against the appellant and we find the evidence sufficient to sustain its verdict.

Appellant predicates his appeal upon two contentions.

It is first contended that the court erred in overruling appellant's plea of former jeopardy. The record shows that appellant had been previously placed on trial for the same offense and the jury discharged by the court after having deliberated for approximately three hours and reporting to the court that they were unable to agree upon a verdict. It was further shown that when discharged at the former trial the jury stood three for conviction and three for aquittal; that their vote had remained unchanged from the first ballot, and that before being discharged each juror indicated to the court that he would not change his vote upon further deliberation. Under the record, the court did not abuse his discretion in concluding that the jury could not

agree upon a verdict and in discharging them and declaring a mistrial. Art. 682, V.A.C.C.P. Miller v. State, 167 Tex. Cr. R. 561, 322 S.W. 2d 289. In overruling appellant's plea of former jeopardy, the court did not err.

Appellant's other contention is that the court erred in refusing to grant a mistrial after state's counsel had elicited testimony from Officer Strickland on his re-direct examination that appellant had refused to take a blood test. The record shows that, upon objection being made by the appellant, the court instructed the jury not to consider the testimony but refused his request for a mistrial. The record further shows that upon his cross examination by appellant's counsel Officer Strickland was asked and answered the following questions: "Q. So, this man was taken before no doctor, nor any technician to determine whether or not he was intoxicated, in their opinion? A. No, Sir. He was not."

Appellant having first gone into the matter on cross examination of the witness by showing that he was not taken to a doctor or technician to determine his intoxication, we would not be warranted in reversing the conviction because of the state's effort on re-direct examination of the witness to show that appellant had refused to take a blood test. In refusing to grant a mistrial the court did not err. McDonald v. State, 163 Tex. Cr. R. 244, 289 S.W. 2d 939; Lowery v. State, 163 Tex. Cr. R. 241, 290 S.W. 2d 532 and Williams v. State, 165 Tex. Cr. R. 202, 305 S.W 2d 369.

The judgment is affirmed.

Opinion approved by the Court.