ROBERT EDGAR LEE V. STATE

No. 32,850. January 25, 1961

Motion for Rehearing Overruled February 15, 1961

*C. C. Divine,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Jack J. Rawitscher,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is under Art. 802b, V.A.P.C., for the subsequent offense of driving while intoxicated; the punishment, one year in jail.

The evidence was undisputed that on the date alleged, the appellant, while driving his automobile upon a public street and highway in Harris County, was involved in a collision with two other automobiles. Witnesses called by the state, who observed appellant at the scene after the collision, testified that they could smell alcohol on his breath; that he walked "very unstable," "staggering"; that he talked "incoherent," with a "thick speech"; and expressed the opinion that at such time he was intoxicated.

The prior misdemeanor conviction of appellant for driving while intoxicated was stipulated.

Testifying in his own behalf, appellant admitted driving his automobile on the occasion in question and admitted having consumed two beers prior to the collision, but denied that he was intoxicated. Appellant testified that any loss of his mental and physical faculties at such time was caused by an asthmatic condition from which he was then suffering.

A witness was called by appellant who testified that he had seen the appellant a short time prior to the collision and that at such time he was not intoxicated.

The jury chose-to resolve the disputed issue of intoxication against the appellant and we find the evidence sufficient to sustain its verdict.

Appellant urges as fundamental error, (1) that the indictment presented against him was returned by a grand jury which was not duly and legally impanelled and (2) that the Criminal District Court No. 4, in which he was tried and convicted, was without jurisdiction and authority to try him because the cause had not been legally transferred to said court.

No motion to quash the indictment or plea to the court's jurisdiction was filed by appellant in the trial court.

The record shows that the indictment was returned against appellant by a grand jury which was empaneled at the August 1959 term of the Criminal District Court of Harris County. The indictment was presented by the grand jury into the Criminal District Court on October 21, 1959 and, in accordance with law,

was filed and docketed in Criminal District Court No. 2. On such date, the cause was transferred to the Criminal District Court and, on April 13,1960, by order duly entered, the cause was transferred, with the court's permission, to Criminal District Court No. 4 of Harris County.

It is appellant's contention that the grand jury which returned the indictment against him was not legally empaneled because the record shows that the judges of the Criminal District Courts of Harris County in appointing grand jury commissioners and empaneling grand juries in the county were not following the provision of Article 52-158b, sec. 6, V.A.C.C.P., which reads: "The District Judges of the Criminal District Courts of Harris County shall successively appoint Grand Jury commissioners and empanel Grand Juries." With such contention we do not agree. The record shows that prior to the return of the indictment against appellant at the August 1959 term of the Criminal District Court, the Judges of Criminal District Court, Criminal District Court No. 3, and Criminal District Court No. 2 of Harris County, in the order named, had appointed grand jury commissioners to select grand juries for the November 1958, February 1959, and May 1959 terms of said courts. The statute creating Criminal District Courts Nos. 4 and 5 of Harris County was not in effect at that time. Such order of appointment of the grand jury commissioners was in compliance with the statute. We are unable to agree with appellant that the provision in the statute that the judges shall "successively appoint" the grand jury commissioners and empanel grand juries means appointment of the grand jury commissioners and empanelment of the grand juries by the district judges in consecutive numerical order of the courts over which they preside.

We find no merit in appellant's contention that, because the order transferring the cause from Criminal District Court No. 2 to Criminal District Court did not recite that it was transferred with consent of the court, the order was void by reason of the provision of Article 52-158b, sec. 2, V.A.C.C.P., which reads "* * * provided no case shall be transferred without the consent of the Judge of the Court to which transferred. * * *" The mere omission, in the court's order of transfer, of a recitation that it was with consent of the court to which the transfer was made would not render the order of transfer void. It is noted, however, that, as heretofore shown, the order in the instant case transferring the cause to Criminal District Court No. 4 does recite that it was with permission of the court.

By informal bills of exception, appellant complains of the

court's action in permitting the state's witness, Officer Elwin J. Smith, to relate a conversation which he had with appellant after his arrest in which appellant was offered a blood test and refused to take same.

The record reflects that, on cross-examination of the witness, appellant first inquired of him as to the details of a conversation which he had with appellant at the scene of the collision. On re-direct examination, the state was permitted to show by the witness that appellant in such conversation was offered a blood test and agreed to take the same. *After further cross-examination, in which appellant elicited from the witness testimony that appellant was later taken to the police station and that no blood test was taken,* the state was permitted to show by the witness, over appellant's objection, that he then refused to take the blood test. Under the record the bills do not present error. Appellant having first inquired into and offered portions of the conversation in evidence, the state was authorized, upon further examination of the witness, to inquire into portions of the same. Article 728, V.A.C.C.P.; Stickney v. State, 169 Tex. Cr. R. 533, 336 S.W. 2d 133; and Johnson v. State, No. 32,395, (page — this volume), 341 S.W. 2d 170.

The judgment is affirmed.

Opinion approved by the court.

McDONALD, Judge

ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

In his motion for rehearing, appellant's counsel, who did not represent him in the trial of this case, earnestly requests this court to consider the alleged error made by the trial court in admitting the testimony by deposition of the witness Teddy Skelly. Appellant apparently urges this contention as fundamental error. The record reflects no formal bill nor informal bill of exception. We find no merit in appellant's contention.

Appellant and his counsel both agreed and stipulated in open court to the taking of the deposition of this witness.

Appellant's counsel cross-examined the witness at length at the time the deposition was taken.

When state's counsel offered the deposition at the trial, appellant's counsel and the appellant both agreed to the stipulation and waived all objections to the reading of the deposition.

In the absence of an objection at the time the deposition was offered and read, and in view of the waiver, appellant's motion for rehearing is overruled.