### GEORGE RADOSEVICH V. STATE

No. 33,584.  October 18, 1961

334

*Ewers, Toothaker, Ewers, Elick, Jones & Abbott,* by *O. C. Hamilton, Jr.,* McAllen, for appellant.

*R. L. Lattimore,* Criminal District Attorney, by *Roberto Ornelas,* Assistant Criminal District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

Patrolmen Cheshire and Murphy testified that they observed an automobile being driven at a slow rate of speed off on the shoulder of the highway, that they brought it to a halt and observed appellant who was the driver. They stated that as appellant got out of his automobile he fell against the door, that he staggered when he walked, smelled of alcoholic beverages, spoke in a slurred manner, had difficulty in locating his driver's license and told them that he had just come from his club where he had been drinking. Each officer expressed the opinion that appellant was intoxicated and recounted how they placed him under arrest and carried him to jail.

Appellant, testifying in his own behalf, stated that he had lost a great deal of sleep prior to the night in question, had had one drink of vodka at his club, had gone to his automobile where he slept until he was joined by his companion, and that they were on their way home at the time of his arrest. He denied that he was intoxicated. A member of the law firm who represented appellant testified that he went to the jail later that night and secured appellant's release on bond and expressed the opinion that appellant was not intoxicated.

The state, in rebuttal, called the jailer who was on duty on the night in question, and he testified that appellant was staggering when he was brought in, smelled of alcoholic spirits, and expressed the opinion that he was intoxicated.

The jury resolved the disputed issue against appellant, and we find the evidence sufficient to support the conviction.

Only one question is raised on appeal, and it relates to jury argument. The bill reflects the following:

"* * * the attorney for the accused made the following arguments to the jury:

" 'We have only the opinion of the officers that the defendant was drunk and certainly the arresting officer could not make up his mind just when the defendant was drunk * * *. *There is no evidence of any* intoxication tests such as walking a line, picking up coins, *blood tests,* shine a light in the defendant's eyes to test the pupil reaction, or the finger to nose test * * *.'

"Whereupon the attorney for the State immediately stated to the jury:

" 'Now, this blood test that he mentioned, I want to answer that by saying the defendant did not take a blood test and * * *.'

"This argument was objected to by the Defendant at the time it was made, and, although the objection was sustained, the attorney for the State made the additional argument, to wit:

" 'I merely wanted to say he refused to take one when requested.'

"Whereupon, counsel for the Defendant made a motion for a mistrial based upon the foregoing argument, which motion was overruled * * *."

We must determine if the argument of state's counsel was invited by the words italicized above.

In Turner v. State, 164 Tex. Cr. Rep. 410, 299 S.W. 2d 712, counsel for the accused in his argument said, "Where is your blood test?" whereupon counsel for the State replied that if one had been taken the results would not have been admissible because of the unavailabiilty of the necessary witnesses and that

such fact was known to appellant's counsel. We held such answer by the State to have been invited.

In Clifton v. State, 165 Cr. Rep. 216, 306 S.W. 2d 135, counsel for the accused said that the State had offered no evidence of a blood test, whereupon the prosecutor replied that no one could be forced to take a blood test if he refused. We also held such reply to have been invited.

In Avant v. State, 168 Tex. Cr. Rep. 6, 323 S.W. 2d 464, counsel for the accused elicited the information that his sister and her husband had had an argument with the arresting officer, and then asked what it was about, whereupon the officer replied that he had offered the accused a blood test. We held no reversible error was reflected by such answer. See also Williams v. State, 165 Tex. Cr. Rep. 202, 305 S.W. 2d 369; Minor v. State, 167 Tex. Cr. Rep. 344, 320 S.W. 2d 347; and Strickland v. State, 169 Tex. Cr. Rep. 633, 336 S.W. 2d 185, and cases there cited.

We have concluded that when appellant's counsel argued that the State had failed to introduce any evidence of a blood test this constituted an invitation to the State to answer him by stating that appellant had refused to take such a test.

Finding no reversible error, the judgment is affirmed.