## W. C. KILPATRICK V. STATE.

No. 34,610.   May 16, 1962

*Bryant, Glenn* and *Thomas,* by *Allen Glenn,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The arresting officer, Abilene Police Patrolman Dorrough, expressed the opinion that appellant was under the influence of intoxicating liquor when he stopped the pickup truck he was driving. He testified:

"Q.   Now, tell this jury what physical factors that you base your opinion upon that he was under the influence of intoxicating liquor? A.   Number one, he was * * * when he first got out of his pickup, he staggered quite a bit. He had to hold on to his pickup to walk to the back of it to keep from stumbling around. His speech was very slurred. His eyes were more or less glassy. When we first got him to the station, he was belligerent. He didn't want to associate with us, or didn't want to help us in any way. We had to just tell him everything, had to tell him several times.

"Q.   Was there anything else? A.   No, sir. That's * * * ."

On cross-examination the officer testified that he had not known the appellant previously; had never seen him walk or heard him talk and did not know whether he had a speech impediment or whether the slurring of his words was a natural condition.

The arresting officer was the only witness for the state. The appellant did not testify and the only witness he called was the Youth Counselor for the City of Abilene who testified to appellant's good reputation for sobriety and for being a peaceful law abiding citizen.

Three formal bills of exception complain of remarks of the attorney representing the state, in his argument to the jury, as violative of Art. 710 V.A.C.C.P. which provides that the failure of the defendant to testify shall not be alluded to or commented upon by counsel in the cause.

Bill of Exception No. 1 certifies that "there was no person other than the Defendant who might have testified concerning the matter of whether or not the defendant has a slur or has lumbago, as was discussed in the prosecutor's argument."

Bill No. 3 certifies that "there was no person other than the Defendant to whom the prosecutor's argument 'this man was sworn in' could have referred."

The bills were approved with the qualification that there were four people with the defendant at the time of his arrest and there were four witnesses sworn for the defendant in the presence of the jury at the trial and available to defendant.

The remarks that "we don't know that" and "the sole case for the defense has been a character witness," and "this man was sworn in," made in connection with argument relating to whether appellant in fact had an impediment in his speech, or which affected the way he walked, viewed in the light of the certification in the bills of exception, constituted an indirect reference to the appellant's failure to testify and require reversal. Boone v. State, 90 Texas Cr. Rep. 374, 235 S.W. 580; Burns v. State, 141 Texas Cr. Rep. 557, 150 S.W. 2d 384; Royal v. State, 160 Texas Cr. Rep. 598, 273 S.W. 2d 426.

The fact that the trial judge sustained objection and instructed the jury to disregard a comment upon the defendant's failure to testify did not cure the error. Lankford v. State, 156 Texas Cr. Rep. 113, 239 S.W. 2d 394.

The judgment is reversed and the cause remanded.