### Curtiss WRIGHT, Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 38534.

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

---

Sam Bass, Freeport, for appellant.

Tom Kenyon, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty. Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving a motor vehicle while intoxicated; the punishment assessed by a jury, 28 days confinement in the county jail and a fine of $80.00.

The state's evidence reflects that appellant was stopped by J. R. Jones, a deputy sheriff of Brazoria County and Dick Orand, a patrolman of the Department of Public Safety, for driving a pickup truck on the wrong side of a two-way roadway in Brazoria County. The testimony reflects that appellant almost collided with the police car being driven by Deputy Jones. After being stopped, appellant was observed by the two officers who both testified substantially to the same facts. They related that appellant was unsteady on his feet, his speech was incoherent, and a very strong odor of alcohol was noticeable. Both officers expressed their opinion that appellant was intoxicated.

The appellant adduced no testimony.

Numerous formal and informal bills of exception were taken by appellant. Since no reversible error is reflected by any of them we shall pretermit a detailed discussion.

Appellant earnestly urges as error the action of the trial court in admitting into evidence certain testimony of Officer Orand. When asked, "Did you have occasion to ask him (appellant) if there was anything wrong with him?", the officer testified, "I did". Then followed this question: "What was his reply?", and the officer responded, "He replied the only thing that was wrong he had been drinking some beer. (sic)"

 We hold that the statement made to the officer was res gestae of the transaction and as such is admissible in evidence whether the appellant was under arrest or not. Cline v. State, 163 Tex.Cr.R. 141, 289 S.W.2d 291, and cases there cited.

Appellant's contention that the "walking test" given him by Patrolman Orand constituted compelling him to give incriminating testimony is without merit since the facts pertaining to all of this testimony were adduced by appellant's counsel upon his cross-examination of this witness. He is in no position to complain about testimony that he brought forward himself.

Finding the evidence sufficient to sustain the verdict and no reversible error appearing, the judgment is affirmed.