Eddie Jack POLK, Appellant,

v.

The STATE of Texas, Appellee.

No. 45805.

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Mike Buckley, Grand Prairie, Warren Burnett, Odessa, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of driving a motor vehicle upon a public street and highway while intoxicated. Punishment was assessed by the jury at a $200.00 fine and 6 months in jail, probated.

Appellant's sole ground of error is that "The Trial Court reversibly erred in refusing Appellant's timely motion for mistrial that was based on the testimony of an arresting policeman which placed before the jury the Appellant's in custody refusal to take a breath test."

The record reflects that during the cross-examination of the arresting officer it was established that the officer had made an arrest report at the time of the incident and had refreshed his memory from that report the day previous to the trial. Appellant requested, and was provided with, the arrest report for the purpose of cross-examination. Appellant then inquired of the officer: "Did you write anything on that which has been identified as Defendant's Exhibit No. 1 (the arrest report) after you left the scene of the arrest?" The witness' response was, "The only thing I might have put on there is the refusal to take the breath test, down at the bottom." The record establishes that there was no such notation made on the report. A motion for mistrial was overruled. The

appellant then requested the court to instruct the jury not to consider the officer's statement about a breath test and such request was denied by the trial court.

The court should have granted appellant's request and instructed the jury not to consider the officer's statement about the refusal to take a breath test. We must now determine if the refusal to do so constituted reversible error.[1]

This court has consistently held that where such testimony is brought out by the state it is reversible error. Shilling v. State, Tex.Cr.App., 434 S.W.2d 674; Watts v. State, Tex.Cr.App., 318 S.W.2d 77; Jordan v. State, 163 Tex.Cr.R. 287, 290 S.W.2d 666; Cardwell v. State, 156 Tex.Cr.R. 457, 243 S.W.2d 702. Such has been held reversible error though the jury was instructed to disregard the testimony. Jordan v. State, supra.

Conversely, this court has held that no reversible error is committed when the evidence is brought out by the defense. Wright v. State, Tex.Cr.App., 396 S.W.2d 127; Turner v. State, Tex.Cr.App., 371 S.W.2d 891; Hopkins v. State, 162 Tex.Cr.R. 103, 282 S.W.2d 232.

Had there been a notation on the arrest report that appellant had refused to take a breath test no error would be shown in light of the question asked by the defense. Wright v. State, supra; Turner v. State, supra; Hopkins v. State, supra. Since there was no such notation, we need to set the stage to reconstruct what the record shows. (1) The answer was brought out on cross-examination by appellant's broad question; (2) the response by the witness was that he *"might have put"* the notation on the report; (3) although he had been shown the arrest report for identification, the witness apparently did not have it in his possession when he answered the question; (4) he had refreshed his memory from such report the previous day; and

(5) there was no showing that his answer was in bad faith.

We conclude that, under the record in this case, no reversible error is shown.

The judgment is affirmed.

---

1. See and compare Article 802f, Vernon's Ann.P.C.