Donald Devoe **NICHOLS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46581.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Pat Morris, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for the misdemeanor offense of driving a motor vehicle while intoxicated upon a public highway. After the jury returned a verdict of guilty, punishment was assessed by the court at fine of one hundred dollars and thirty days in jail, probated for a period of six months. See Article 42.13, Vernon's Ann.C.C.P.

■ Appellant contends the evidence is insufficient to support the verdict.

The record reflects that appellant was arrested during the early morning hours of September 5, 1971, while he and his wife were en route home from a party at the Fleet Reserve Club. Highway patrolman Hall testified that his attention was first drawn to appellant's vehicle when it almost struck a bridge. Additional erratic driving was described by Hall before appellant's vehicle was stopped. Hall stated appellant was unsteady on his feet and when appellant was told that he was stopped because his vehicle was weaving, appellant became belligerent and violent. Sergeant Gunn of the highway patrol testified that he was two blocks behind Hall's patrol car when Hall advised him by radio that he was going to stop a vehicle "that was having a great deal of trouble." Upon arrival at the scene of the arrest, Gunn observed appellant as being "very unsteady on his feet" and "he swayed back and forth from one foot to the other." Gunn had further opportunity to observe appellant at the courthouse a short time later and described appellant as being "extremely violent." Gunn, who was shown to have observed many people who were intoxicated during

his nine years experience as an officer, stated that in his opinion appellant was "very much intoxicated."

The jury resolved the disputed issue of intoxication against the appellant and we find the evidence sufficient to support their verdict. See Johnson v. State, 170 Tex.Cr.R. 381, 341 S.W.2d 453; Ashley v. State, 155 Tex.Cr.R. 534, 237 S.W.2d 311.

■ Appellent contends the court erred in permitting the prosecuting attorney, over appellant's objection, to question appellant about his refusal to take a breath test and failure to request a blood test.

The record reflects the following cross-examination of Officer Hall by appellant:

"Q. Now, Mr. Hall, you didn't ask Donald Nichols to bend over and touch his toes, did you?

"A. No, sir.

"Q. You didn't ask him to walk a straight line?

"A. No, we don't do that.

"Q. You didn't ask him to close his eyes and touch his nose?

"A. No, sir, I didn't."

Cross-examination of Officer Gunn by appellant reflects:

"Q. Now, you didn't ask—you say you didn't get out at the scene to talk to Mr. Nichols. You yourself didn't ask him to perform tests indicative of intoxication, specifically let me ask you. Did you ask him to bend over and touch his toes?

"A. We don't do this by policy in our department.

"Q. You didn't ask him to close his eyes and touch his nose?

"A. No, sir."

In Strickland v. State, 169 Tex.Cr.R. 633, 336 S.W.2d 185, this court held where on cross-examination in prosecution for driving while intoxicated, an officer was asked whether defendant had been taken before a doctor or any technician to determine whether he was intoxicated, and officer replied that he had not been, court did not err in refusing to grant mistrial after State's counsel had elicited from officer, on redirect examination, testimony that defendant had refused to take a blood test. In Radosevich v. State, 171 Tex.Cr.R. 333, 350 S.W.2d 198, defendant's counsel argued, "There is no evidence of any intoxication tests such as walking a line, picking up coins, blood tests, shine a light in the defendant's eyes to test the pupil reaction, or the finger to nose test." This court held that such argument by defendant invited argument by State's counsel that defendant refused to take a blood test.

In the instant case, appellant, having initiated the subject of sobriety testing, cannot complain of the State's later inquiry about his refusal to take a breath test and failure to request a blood test. See Polk v. State, Tex.Cr.App., 490 S.W.2d 853; Wright v. State, Tex.Cr.App., 396 S.W.2d 127; Turner v. State, Tex.Cr.App., 371 S. W.2d 891; Hopkins v. State, 162 Tex.Cr. R. 103, 282 S.W.2d 232. Cf. Olson v. State, Tex.Cr.App., 484 S.W.2d 756 (on motion for rehearing).

■ Appellant contends that the prosecutor's argument concerning offer of a blood test requires reversal.

Appellant points to cross-examination by the State where the only testimony elicited from appellant was that he did not request a blood test and urges that the prosecutor's argument that "They offered him a blood test to test his blood—to show that he didn't have any alcohol in his system" is outside the record.

Appellant objected to the prosecutor's argument and the court stated, "The jury will have to remember the testimony."

It is not clear whether the court sustained or overruled the objection. In Verret v. State, Tex.Cr.App., 470 S.W.2d 883,

this court quoted from 56 Tex.Jur.2d, Trial, Section 317, page 673:

> "An objection to argument must be pressed to the point of procuring a ruling or the objection is waived. And to protect the record where an objection is passed on provisionally, counsel must procure a final ruling before the conclusion of the trial."

Nothing is before us for review.

Appellant contends that the court erred in permitting the prosecuting attorney to ask the jury to consider their personal experiences.

The record reflects the following occurred during the prosecutor's argument:

> "And I ask you to find the defendant guilty and all those like him because we are all going to get in our cars, and we are going to go home."

The foregoing argument is nothing more than a plea for law enforcement. No error is shown.

Appellant contends that the court erred in indicating to the jury that they had to render a unanimous verdict by the court's answer to a note from the jury during the course of its deliberations.

A bill of exception reflects that after the jury had been deliberating approximately an hour a note was sent by the foreman to the court stating that they were "5 for and 1 against," whereupon the court wrote on the same note that the verdict was to be unanimous and had such note returned to the jury room.

There is nothing in the record to show that appellant made any objection or that appellant lacked an opportunity to object. Nothing is presented for review. Rodriguez v. State, Tex.Cr.App., 500 S.W.2d 517; Nichols v. State, Tex.Cr.App., 500 S. W.2d 158.

The judgment is affirmed.

Opinion approved by the court.