**Donnie Cleveland BIRDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48413.**

Court of Criminal Appeals of Texas.

June 12, 1974.

Tom West, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Pat Hubbard, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of the offense of driving while intoxicated and the jury assessed his punishment at a fine of $100 and confinement in jail for seven days.

The sufficiency of the evidence is not challenged and appellant's single ground of error complains of the trial court's action in permitting a police officer to testify as to the results of a breathalyzer test without a proper predicate having been laid.

The circumstances surrounding the alleged error are these: Before the trial be-

---

gan, State's counsel advised the court and appellant's counsel that the State would not offer any testimony concerning the breathalyzer test which had been administered to appellant on the night of the arrest because the witnesses who were qualified to testify under the rationale of Hill v. State [1] were not present or available to testify. The court overruled appellant's motion to dismiss based upon Art. 802f, Vernon's Ann. P.C.,[2] "Defendant has a right to have this evidence, if any, presented into evidence at the trial of this cause, particularly where the results of said test is, for all practical purposes, the criteria used in determining whether or not the Defendant shall have charges filed against him as in this Cause."

The State offered witnesses who testified that appellant was driving a pickup truck when arrested for a traffic violation; and, that appellant was intoxicated. The State made no reference, on direct examination of its witnesses, to a breathalyzer test having been taken by appellant or the results thereof. The State's evidence was sufficient, if accepted by the trier of the facts, to support the conviction.

The first reference to the breathalyzer test was made by appellant in cross-examination of the arresting officer, Hastings.[3] On redirect examination by State's counsel, Officer Hastings said that he knew what appellant "registered on that breathalyzer test" since he was in the room when it was given. Without objection, Hastings said that "he registered on the breathalyzer" 0.-11. Hastings also said that he knew "what the presumptive level of intoxication is in Texas." Appellant objected that he was not qualified to testify but the objection

was overruled. Hastings then told the jury that the presumptive level was "0.10." Appellant's request to have the jury instructed to disregard the answer was overruled as was his motion for mistrial.

Hastings then testified that "this test confirmed" what he already knew or suspected—that appellant was drunk. On further cross-examination, Hastings admitted that he was not qualified to operate the breathalyzer equipment. We also note that appellant told of the breathalyzer test in his own testimony before the jury. In answer to a question as to what happened when he got to the police station after his arrest, he made a long narrative statement taking up nearly a page and a half in our record, commenting in detail upon his breathalyzer test.

The court made no mention in its charge of the results of the breathalyzer test or the presumption arising therefrom.

Preliminarily, we note that the State readily accepts the burden which it assumes when attempting to place the results of a breathalyzer test in evidence under the rationale of Hill v. State, supra, followed by French v. State, 484 S.W.2d 716 (Tex.Cr.App.1972), and Reyna v. State, 508 S.W.2d 632 (Tex.Cr.App.1974). The rules there enunciated are not in dispute here.

The State contends that appellant "opened the door" to the subject of the breathalyzer test and that it had a right to show the results thereof to prevent a false impression being left with the jury. Primary reliance is had upon the provisions of Art. 38.24, Vernon's Ann.C.C.P.

---

1. 158 Tex.Cr.R. 313, 256 S.W.2d 93, 95–96 (1953).

2. This article was transferred to Art. 6701*l*—5, Vernon's Ann.C.S., by authority of § 5 of Acts 1973, 63rd Leg., p. 995, ch. 399, enacting the new Texas Penal Code.

3. "Q. [Defense Counsel] Mr. Hastings, to your knowledge was Mr. Birdwell given a breathalyzer examination?

\* \* \* \* \*

"A. Yes, sir, he was.
"Q. That night at the police department?
"A. Yes, sir.
"Q. And this breathalyzer examination was for the purpose of determining whether or not he was intoxicated?
"A. Yes, sir.
"Q. It has some bearing on whether or not on how to determine whether somebody is intoxicated?
"A. Yes, sir, it has a degree of bearing, sir."

Judge Odom, speaking for the court in the recent case of Roman v. State, 503 S. W.2d 252, 253 (Tex.Cr.App.1974), said: "The purpose of this provision [Art. 38.24] is to reduce the possibility of the fact finder receiving a false impression from hearing the evidence of only a part of the conversation, writing, act or declaration." But, as was made plain immediately thereafter, "the introduction of other portions of such a conversation wholly unrelated to the matter initially gone into cannot contribute to achievement of the purpose of the rule."

We are not dealing here with a conversation but with an event. The extraneous conversation mentioned in *Roman* " 'did not explain in any way, or shed light upon' the matter gone into by appellant." (503 S.W.2d at 254) Appellant adroitly established that a test had been made and stopped. From this meager base, he was prepared to argue: Since the test had been made and the State did not prove the results thereof, the results must have been favorable to the appellant. Such an argument, contrary to the true facts of the matter, would have been manifestly unfair to the State.

The State was entitled to prove the whole of the transaction because, as was said in Wood v. State, 478 S.W.2d 513, 516, fn. 7, (Tex.Cr.App.1972): "[O]nce the defendant 'opens the door' through his own statements, he should be aware that the horses are going to get loose." He was not entitled to prove only half the transaction and silence the State as to the remainder. In Lucas v. State, 479 S.W.2d 314, 315 (Tex.Cr.App.1972), the Court, readily admitting that the results of a polygraph test are ordinarily inadmissible in evidence, found no error in permitting the District Attorney to testify that the defendant there did not pass the polygraph test.[4] So it is here.

Having offered only a portion of the transaction, the trial court did not err in permitting the State to offer the remainder thereof. See and compare Mabou v. State, 429 S.W.2d 891, 893 (Tex.Cr.App.1968), and Lee v. State, 170 Tex.Cr.R. 566, 342 S.W.2d 753 (1961). See also, Kalmbach v. State, 481 S.W.2d 151 (Tex.Cr.App.1972).

Appellant's single ground of error being without merit, the judgment of the trial court is affirmed.

Approved by the Court.

---

4. There is no indication in the opinion that the District Attorney in *Lucas,* supra, was any more qualified to testify as to the results of a polygraph test than Officer Hastings was qualified to testify as to the results of the breathalyzer test. See and compare the Polygraph Examiners Act [Art. 4413 (29cc), Vol. 12B, 1974 Pamphlet Supplement, V.A.C.S.] with the requirements set out in Hill v. State, supra.