Jesse Robert SUTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 52680.

Court of Criminal Appeals of Texas.

March 23, 1977.

Michael Lackmeyer, Killeen, for appellant.

Authur C. Eads, County Atty., and Pat Ridley, Asst. County Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

On original submission this appeal was dismissed in a per curiam opinion because the record did not reflect that notice of appeal was given. By supplemental transcript it has been shown that notice of appeal was timely given. The appeal is reinstated.

This is an appeal from a conviction for driving a motor vehicle on a public highway while intoxicated, where punishment was assessed by the court at thirty (30) days in the county jail and a fine of $250.00 following a guilty verdict. However, appellant was placed on probation for a period of 12 months. See Article 42.13, Vernon's Ann.C. C.P.

Initially we shall consider appellant's contention that the trial court erred in overruling his objection and motion for mistrial when the State was allowed to elicit the fact that the appellant had refused to take a breathalyzer test.

Officer Twyman Bowling of the Killeen Police Department was called as a defense witness. He was the backup officer at the time of appellant's arrest on February 21, 1975 and arrived on the scene after the arresting officer Ford had gotten the appellant out of the automobile. Bowling observed the appellant and talked to him. He expressed the opinion that the appellant was not intoxicated. Appellant's counsel then asked on direct examination:

"Q. Did you do anything to indicate to the arresting officer that you did not think that he was intoxicated?

"A. I mentioned to Officer Ford that if he was intoxicated—I can't remember my exact words—But if he was intoxicated, that it was going to run awfully close. That if he was going to run him on the breath-a-lizer, that it was going to be close. I said that I didn't think that he was intoxicated. I didn't come out and flat tell Officer Ford that I didn't think he was intoxicated at all. Officer Ford was the arresting officer, and I was not going to interfere with his arrest."

On re-cross examination the witness was asked:

"Q. . . . Did you have a conversation with Jesse (appellant) in regard to any type of sobriety test?

"A. Yes, sir, I did. I asked him just as Officer Ford did to take a breath-a-lizer test."

Upon objection there was a conference at the bench and then the jury was removed. Appellant then called to the court's attention that he had filed a motion in limine to prevent the State from inquiring about his refusal to take a breath test which had been granted. He argued that Officer Bowling's unresponsive answer was not such as to

open the door to the State's inquiry as to the refusal to take the test. His objection and mistrial motion were overruled.

In the presence of the jury, again over objection, the State was permitted to elicit from Officer Bowling that he had suggested to the appellant that he take the "breath-a-lizer" test if he felt he was not intoxicated, and that at first the appellant refused, then agreed, and then refused again to take the test.

Appellant relies upon *Cardwell v. State*, 156 Tex.Cr.R. 457, 243 S.W.2d 702 (1951), and a line of cases following it holding the evidence of a refusal to take a sobriety test inadmissible. In *Cardwell* the court stated:

"The State cannot avail itself of the silence or refusal of an accused prisoner as a circumstance tending to establish his guilt."

*Cardwell* has frequently been followed. See *Bumpass v. State*, 160 Tex.Cr.R. 423, 271 S.W.2d 953 (1954); *Jordan v. State*, 163 Tex.Cr.R. 287, 290 S.W.2d 666 (1956); *White v. State*, 164 Tex.Cr.R. 416, 299 S.W.2d 151 (1957); *Brown v. State*, 165 Tex.Cr.R. 535, 309 S.W.2d 452 (1958); *Watts v. State*, 167 Tex.Cr.R. 63, 318 S.W.2d 77 (1958); *Saunders v. State*, 172 Tex.Cr.R. 17, 353 S.W.2d 419 (1962); *Shilling v. State*, 434 S.W.2d 674 (Tex.Cr.App. 1968); *Willeford v. State*, 489 S.W.2d 292 (Tex.Cr.App.1973). Cf. *Sublett v. State*, 158 Tex.Cr.R. 627, 258 S.W.2d 336 (1953). The rule announced in *Cardwell* has been applied where the State initially elicits such testimony. The rule is recognized but not applied where the defendant brings out such testimony or "opens the door" to such testimony being elicited by the State. See, e. g., *Hopkins v. State*, 162 Tex.Cr.R. 103, 282 S.W.2d 232 (1955); *Strickland v. State*, 169 Tex.Cr.R. 633, 336 S.W.2d 185 (1960); *Radosevich v. State*, 171 Tex.Cr.R. 333, 350 S.W.2d 198 (1961); *Lee v. State*, 170 Tex. Cr.R. 566, 342 S.W.2d 753 (1961); *Turner v. State*, 371 S.W.2d 891 (Tex.Cr.App.1963); *Wright v. State*, 396 S.W.2d 127 (Tex.Cr. App.1965); *Polk v. State*, 490 S.W.2d 853 (Tex.Cr.App.1973); *Nichols v. State*, 504 S.W.2d 462 (Tex.Cr.App.1974); *Birdwell v.*

*State*, 510 S.W.2d 347 (Tex.Cr.App.1974). Cf. *Story v. State*, 502 S.W.2d 764 (Tex.Cr. App.1973).

The State takes the position that the appellant opened the door with regard to the refusal to take the test when his witness stated that "if he was going to run him on the breath-a-lizer it was going to be close." We cannot agree. The answer of Officer Bowling, responsive or not, was merely reciting what he had told the arresting officer as to his opinion of appellant's condition. His statement did not connote that a breath test was offered or offered and refused. We do not agree that the answer opened the door for the State to elicit testimony which was otherwise inadmissible. In *Willeford v. State*, supra, this court reversed the conviction as a result of the introduction of that portion of the arresting officer's report as to the defendant's refusal to take a blood test, although the other portion of the report was admissible under Article 38.24, Vernon's Ann.C.C.P.

Only recently we have reconsidered the question here presented at length and have again concluded the admission of the refusal of a defendant to take a breath test for intoxication, over objection, constitutes reversible error. See *Dudley v. State*, 548 S.W.2d 706 (Tex.Cr.App.), this day decided; *Martinez v. State*, 548 S.W.2d 719 (Tex.Cr. App.), this day decided.

For the error observed, the judgment must be reversed and the cause remanded.

DOUGLAS, J., concurs in the result for the reasons stated in his concurring opinions in *Dudley* and *Martinez*.

ROBERTS and ODOM, JJ., dissent on the basis of their dissenting opinions in *Dudley* and *Martinez*.