James ASHFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–82–063–CR.

Court of Appeals of Texas, Texarkana.

Aug. 30, 1983.

David Holmes, Paris, for appellant.

Tom Wells, III, Dist. Atty., Paris, for appellee.

BLEIL, Justice.

James Ashford appeals his conviction for a subsequent offense of driving while intoxicated. After arrest, Ashford refused to take a breath test for alcohol content. The issues before us are these: Did Ashford, by his attorney's cross-examination of an arresting officer, open the door for the admission of evidence of his refusal to take a breath alcohol test? In any instance, is evidence of a defendant's refusal to take a breath alcohol test now properly admissible

in Texas in light of *South Dakota v. Neville,* —— U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983)? Our answer to both questions is yes.

Two police officers noticed Ashford driving away from Williamsburg Shopping Center in Paris. He drove his vehicle through the parking lot in excess of normal speed then exited over a curb. The police officers followed Ashford, noticing that he was going ten to fifteen miles per hour and occasionally veering off the right side of the road. When they stopped Ashford both officers noticed his slurred speech, staggering gait and bloodshot eyes. They believed he was extremely intoxicated. Although Ashford first said he wanted to take a breath test to determine his sobriety, he later declined to take the test.

Fred Willoughby, one of the arresting officers, testified that he believed Ashford was intoxicated. On direct examination no mention was made of the existence of any breath alcohol test, of one having been offered Ashford, or of his refusal to take it. On cross-examination Willoughby reiterated his observations and, in response to a question, indicated that in his experience he had never formed an opinion that someone was intoxicated and later changed his mind. Ashford's attorney pursued the line of questioning:

"Q. Assume with me a situation—Well, strike that. If there was a scientific determination that a person was not intoxicated, would you change your opinion, one which you might have formed that he was?

"A. Probably so.

"Q. In other words, your opinion would be changed if there had been a test of some kind.

"A. If the test was—

"Q. And it had determined that the person was not intoxicated?

"A. I don't suppose I would have a choice but to change my opinion.

"Q. Was there a test in this case?

"A. No, sir, there was not."

This ended cross-examination and on redirect examination the State, over objection, elicited that Ashford was requested to take a breath alcohol test but refused.

■ In urging that the court erred, Ashford relies on the rule that prohibits evidence of a refusal to take a breath test in a driving while intoxicated trial. *Dudley v. State,* 548 S.W.2d 706 (Tex.Cr.App.1977); *Cardwell v. State,* 156 Tex.Cr.R. 457, 243 S.W.2d 702 (1951). Since the *Cardwell* decision this rule has been uniformly followed in Texas when the State initially elicits the evidence. However, when a defendant opens the door, the State is permitted to adduce evidence of a defendant's refusal to take a breath alcohol test. *Sutton v. State,* 548 S.W.2d 720 (Tex.Cr.App.1977); *Birdwell v. State,* 510 S.W.2d 347 (Tex.Cr.App.1974). We hold that when Ashford established that scientific tests might establish the degree of intoxication, that the police officer might change his opinion of a defendant's intoxicated state if the test showed he was not intoxicated, and that no test was given to Ashford, the State was thereafter properly allowed to show that Ashford was offered, but refused, to take a breath alcohol test. Any other holding would condone a defendant's misleading the jury about the known facts.

We now re-examine the question whether evidence of a defendant's refusal to take a breath test for intoxication is admissible over objection. Our consideration of this question begins with the awareness that since *Cardwell v. State,* supra, the rule of law has been considered settled, and that this exact issue has been repeatedly examined by our Court of Criminal Appeals. See, e.g., *Dudley v. State,* supra, and *Sutton v. State,* supra, and the cases there cited.

■ The exclusion of evidence of a defendant's refusal to take a breath test has always been founded upon the Fifth Amendment, United States Constitution, which prohibits compelling a defendant to be a witness against himself. The Court of Criminal Appeals, in *Dudley v. State,* supra, and *Olson v. State,* 484 S.W.2d 756 (Tex.Cr. App.1969), held that the scope of the privi-

lege against self-incrimination in the Texas Constitution affords the same but no greater rights than the United States Constitution. This was reaffirmed in *Rodriguez v. State,* 631 S.W.2d 515, 517 (Tex.Cr.App. 1982), which held that the taking of a blood alcohol test is not a testimonial communication protected by either constitution and that, therefore, *Miranda* warnings or Article 38.22, Tex.Code Crim.Proc.Ann. (Vernon 1979), statutory warnings are not required before a breath test is administered. We conclude that the rule—that a defendant's refusal to take a breath alcohol test cannot, over objection, be used as evidence against him—has no independent grounds of support in Texas law, and is founded solely upon Fifth Amendment principles.

 The United States Supreme Court in the case of *South Dakota v. Neville,* supra, found that admitting evidence of a defendant's refusal to submit to a blood alcohol test does not offend his Fifth Amendment right against self-incrimination.[1] The court held,

> "We recognize, of course, that the choice to submit or refuse to take a blood-alcohol test will not be an easy or pleasant one for a suspect to make. But the criminal process often requires suspects and defendants to make difficult choices. See, e.g., *Crampton v. Ohio,* decided with *McGautha v. California,* 402 US 183, 213–217, 28 L Ed 2d 711, 91 S Ct 1454 [1470–72] (1971). We hold, therefore, that a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination."

Because the Texas Constitution affords no greater protection than the United States Constitution, we hold that evidence of one's refusal to submit to a breath alcohol test is admissible in a trial for driving while intoxicated. Thus, without regard to whether Ashford opened the door to allow the State

to prove he had been offered but refused a breath alcohol test, we find this evidence was properly admitted.

The judgment is affirmed.

---

1. In reaching the decision the Supreme Court upheld a South Dakota statute which specifically declares that evidence of a refusal to submit to a test for intoxication is admissible at a trial for driving while under the influence of alcohol. After the *Neville* decision Texas passed a similar statute, effective January 1, 1984. Act of 1983, 68th Legislature (*to be* codified at Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, sec. 3g (Vernon Supp.1983–1984)).