**Sammy Lee TERRELL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–290–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 19, 1984.

Linda R. Rickhoff, Ingram, for appellant.

Ronald Sutton, Dist. Atty., Junction, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for possession of marihuana. The jury assessed punishment at confinement in the Texas Department of Corrections for five years.

Appellant asserts as his first ground of error that the trial court erred in overruling defendant's motion for mistrial after the court had sustained an objection that a statement made by the prosecutor during voir dire violated defendant's constitutional right against self-incrimination. The statement made by the prosecutor was as follows:

> "We must prove our case beyond a reasonable doubt. The burden of proof never shifts to the Defendant. The defendant does not have to prove his innocence, and we cannot, as reasonable, fair-minded jurors, require a defendant to prove his innocence. Many times a good defense counsel will ask a jury panel, after you have heard the State's testimony and seen all these exhibits that they say they are going to bring in, wouldn't you want the Defendant to testify? Well, in the back of our minds, yes, we probably would like for the Defendant to testify, but the Court tells you you cannot hold the Defendant's failure to testify against him—

> MRS. RICKHOFF: Your Honor, may we approach the bench?

> (REPORTER'S NOTE: Whereupon there was a brief discussion off the record with counsel at the bench.)

> MRS. RICKHOFF: The Defendant, at this point, will enter an objection and request a mistrial. The State has improperly indicated to the Jury that they are going to want to hear the Defendant testify, in spite of the Defendant's constitutional right not to testify. His comment has been hopelessly prejudicial and I don't believe that—

> MR. SUTTON: That's what the State is trying to explain to these people, Your Honor, that you cannot require him to testify.

> MRS. RICKHOFF: Your Honor, the statement was made to the Jury Panel that they are going to want to hear him testify.

> MR. SUTTON: I said they may want to.

> MRS. RICKHOFF: That's just a hopelessly prejudicial way to put it and would, in effect, put the Defendant into the position of having to testify.

MR. SUTTON: I'm telling the Jury that the Defendant may or may not testify.

THE COURT: I'm going to deny your motion for a mistrial and I'll instruct the Jury to disregard Counsel's comments concerning whether or not the Defendant—or do you want me to instruct the Jury?"

The Texas Code of Criminal Procedure, art. 38.08 (Vernon 1979) provides:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any Defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

The language of a comment on a defendant's failure to testify must be either manifestly intended or of such character that the jury would naturally and necessarily infer the comment to be one on the defendant's failure to testify. *Johnson v. State,* 611 S.W.2d 649 (Tex.Cr.App.1981). It is not sufficient that the language might be construed as an implied or indirect allusion to the defendant's failure to testify. *Griffin v. State,* 554 S.W.2d 688 (Tex.Cr.App.1977).

Here, the prosecutor's statement appears to us to be a general statement regarding the right of a defendant in a criminal trial not to testify. The prosecutor began to mention to the jury that the defendant's failure to testify could not be held against him, when he was interrupted by an objection from appellant's counsel. The statement by the prosecutor was made during the voir dire examination. There is nothing in the record to show that, at the time of his comment, the prosecutor knew whether or not appellant would or would not testify. *See Hall v. State,* 619 S.W.2d 156 (Tex.Cr.App.1980); *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979). No motion was before the Court to indicate appellant would not testify. Therefore, the instruction given by the trial court rendered the error, if any, harmless. Appellant's first ground of error is overruled.

In appellant's second ground of error, he claims the trial court erred by failing to instruct the jury to disregard portions of the prosecutor's argument which went outside the record. The state acknowledges in its brief that the prosecutor did go outside the record in the following argument:

"... Now, as to the—I thought it was curious about the Defendant having found the bag when he also told the officer he found it beside the road and yet he came to Kerrville by—on the bus.

MRS. RICKHOFF: Your Honor, I object. That was not evidence that was ever admitted. The only statement was that Terrell said that he found it.

THE COURT: I'll instruct the Jury to remember the evidence as you heard it from the witnesses and recall it not as the attorneys recall it.

Here, the appellant failed to get a specific ruling from the judge on his objection. An objection to argument must be pressed to the point of procuring a ruling by the trial court or it is waived. *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979); *Nichols v. State,* 504 S.W.2d 462 (Tex.Cr.App.1974). The second ground of error is overruled.

The judgment of the trial court is affirmed.