### CHESTER GARRETT v. THE STATE.

#### No. 5014.    Decided May 8, 1918.

**Theft—Argument of Counsel—Reversible Error.**

Where, upon trial of theft, the State's counsel indulged in unwarranted argument against the accused before the jury as an inducement to bring about a conviction, which the court refused to withdraw, and some of which bordered very closely on an allusion of defendant's failure to testify, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of theft; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Lopp & Roberson,* for appellant.—On question of argument of counsel: Pieson v. State, 18 Texas Crim. App., 524; Spangler v. State, 42 Texas Crim. Rep., 233; Exon v. State, 33 id., 461.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft,

his punishment being assessed at thirty days imprisonment in the county jail.

The evidence, briefly, is that appellant was in a confectionery store about the 24th of December; that a clerk saw him take a can of tobacco, put it under his coat and leave the store. He immediately informed the owner, who gave chase. Appellant was caught after running several hundred yards, and at the place where he was caught was found a can of tobacco corresponding in brand and size with that kept in stock at the store where witness was clerking. There was some confusion as to whether there was a missing can of tobacco from the store. There were other parties in and around the store ostensibly shopping. Appellant introduced no testimony and made no statement.

There were several bills of exception reserved to the argument of the assistant county attorney. One bill recites he used the following language: "Men, if you turn this thief loose (pointing at the defendant), and he is a thief in my opinion, you just as well tear up your law books, tear down the jail, and do away with the courthouse." Another bill recites as follows: "Gentlemen, you are representing the citizenship of Tarrant County; you are paying taxes to pay for your services as jurors, and you are paying taxes helping to pay my salary as assistant county attorney, and if you turn this defendant loose you just as well have thrown your money in the fire." Appeals like those quoted to a jury have been held obnoxious to fair trial. Appealing to the jury upon matters not in the case should not be indulged in argument. Many reversals have occurred on account of similar arguments. To prevent reversals arguments characteristic of those quoted should not be indulged.

In addition to those quoted this language was used by the prosecuting officer: "Young man (pointing to one of the jurors), when Mr. Roberson, the attorney for the defendant, asked you the question that if you had a reasonable doubt as to the guilt of the defendant that you would give him the benefit of that doubt, and say by your verdict not guilty, that it was for the purpose of using that in his argument to the jury to distort and muddle your minds and get you mixed up any way, or for some trick to get you bothered so that you will hang the jury, and it was for that purpose and that purpose only that he asked you that question. Young man, it is not only to you that I am talking, but to all you other men as well; but I tell you now that was the only purpose that he had in mind when he asked all of you that identical question." This was unwarranted. The accused has a right himself or through his counsel to interrogate the jurors with reference to their fairness if taken upon the jury. This is guaranteed him by the law, both the Constitution and statute, and the exercise of such legal right should not be used as an argument against him before the jury has an inducement to bring about a conviction. The court refused a requested instruction to withdraw this from the jury.

Another bill recites this language was used by the prosecuting attorney: "Gentlemen of the jury: If the defendant had bought or some

one had given him a can of tobacco he could have had them here to have testified in the case, but he has not brought a single witness to prove where he got the tobacco (pointing at the defendant)." It is contended this is a reference to the failure of defendant to testify. While we are not altogether satisfied this objection is well taken, yet it was very close to the danger line. While there were in the store at the time other parties than the defendant, it is not shown that they saw or could have seen the defendant take the tobacco. If so, it was not the province of the defendant to bring the parties to show that he did get it. There is no one, so far as the record is concerned, who could have testified where he secured the can of tobacco except himself, unless it be as above stated, that he took it from the store and some of the shoppers in the store might possibly have seen him take it. We are not willing to hold under the circumstances that this is a reference to defendant's failure to testify, yet it was on a very narrow margin. Taking the record and the argument as shown, we are not willing that this judgment should be affirmed in the face of the argument indulged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*