JESSE MONEY V. THE STATE.

No. 16630.   Delivered May 23, 1934.

The opinion states the case.

*M. L. Bennett,* of Normangee and *O. C. Chessher,* of Groveton, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the murder of A. W. (Fred) Cook; penalty assessed at confinement in the penitentiary for six years.

The State relied upon circumstantial evidence to show an unlawful homicide.

Appellant introduced testimony supporting the theory of self-defense, claiming that when the deceased was shot he was attacking the appellant, using an ax as a weapon.

Several bills of exception are found in the record.

From Bill No. 7 the following appears:   Appellant did not take the witness-stand and testify in his own behalf.   In argument, counsel for the State used the following language:

"It was up to the defendant to extricate himself of the murder of Fred Cook, and that he was the only person who could do it, and that he had not done it."

In the bill is found the following statement:

"That such argument was prejudicial, highly inflammatory, and calculated to harm the defendant. That the court committed error in not granting the defendant a new trial upon his motion setting out the foregoing facts."

The bill was approved by the trial court and the district attorney without qualification.

·There are several bills of exception complaining of arguments of questionable propriety. The bills mentioned were approved by the trial court without qualification, apparently adopting the statement that the recitals in the bills constituted reversible error. It is not deemed necessary to set out the verbiage of the several bills inasmuch as Bill No. 7, to which we have referred above, renders a reversal of the judgment imperative.

From the brief of the State's attorney before this court, referring to Bills of Exception Nos. 5, 6, 7, and 8, the following quotation is taken:

"In each of these bills of exception, the trial court certifies, as a statement of fact, that error was committed, and that it was such error as was material and was calculated to and did prejudice the appellant's rights. Some of the bills go so far as to certify that the trial court committed error in not granting the motion for a new trial on account thereof."

Conceding that it is incumbent upon the record to order a reversal of the judgment, the State's attorney cites the following cases: Traylor v. State, 47 S. W .(2d) 310; Griffin v. State, 50 S. W. (2d) 812. Other cases in point are cited. Among them are: Roberts v. State, 115 Texas Crim. Rep., 431; McKee v. State, 116 Texas Crim. Rep., 232.

In view of the record before us, we are constrained to order a reversal of the judgment, which is accordingly done.

*Reversed and remanded.*