## RICHARD BRIDEWELL v. THE STATE.

No. 19571.   Delivered March 3, 1938.

The opinion states the case.

*C. C. Denman,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of rape; his punishment was assessed at confinement in the penitentiary for thirty-five years.

The testimony adduced upon the trial shows that on the 8th day of August, 1937, Mrs. Mary Spivey was living in a part of a four-room house with her three children, to-wit: Louise, a girl of fifteen; Ruth, a girl of six, and a small son; another family occupied the adjoining rooms. During the day, Mrs. Spivey went to the home of Mrs. McIlwain, who was suffering from a mental illness. She did not return until the next afternoon. On the evening of August 8, during the absence of Mrs. Spivey, the appellant and B. B. Hardy took the two daughters to a tavern near Lufkin, where Louise and the two men drank some beer. From there they went back to the Spivey home. Hardy left and appellant remained with the children. About 8 P. M., or soon thereafter, Louise made a bed on the floor for the boy and put him and Ruth to bed. After this had been done, appellant suggested to Louise, the older girl, that she go to a filling station and get three bottles of coca-cola. She was absent from the room for approximately twenty minutes. Upon her return, appellant, Louise and Ruth, the allegedly assaulted little girl, drank the refreshments. Ruth made no complaint of any mistreatment or undue familiarity with her person at the hands of appellant.

There is no testimony from any source that the family who occupied the adjoining rooms, and who were at home at the time, heard any outcry or any unusual noise. The mother testi-

fied that on her return to her home on the following afternoon, she found blood on Ruth's nightgown. She questioned the child for an hour or more before she succeeded in getting her to accuse appellant of having sexual intercourse with her. Mrs. Spivey immediately notified the officers, who arrested appellant, placed him in jail, and succeeded in obtaining a confession from him. Appellant testified in his own behalf. He denied having had improper relations with the child or that the purported confession was voluntary and true. He said he was whipped by Strode with a piece of rubber hose about eighteen inches long; that when he would make a statement which did not suit Strode, he would say "You are lying," and then whip him again; that they made him pull his clothes down and whipped him until the blood showed. This was denied by Strode.

Dr. Pennington, who examined the little girl on the day following the occurrence, was not offered by the State as a witness. The defendant offered him and he testified that he found the vagina gaping to the extent of one-fourth of an inch, the hymen ruptured, no hymen visible, etc. He further said: "Based upon that examination and my knowledge of the science of medicine, it is my opinion that it would have been impossible for a man thirty-three years of age to have had sexual intercourse with her—physically impossible. An attempt to do so would not produce the thing I found. A man's penis would not produce that condition."

Dr. Barham testified that he examined the child at the request of Mr. Adams to determine whether or not she was affected with a venereal disease. He said that he found her normal; that he found no lacerations. If she had had serious lacerations on the 8th day of August, there would have been some evidence of it. In his opinion, he stated, there were no lacerations.

The manner of cross-examination of the appellant with reference to whether or not John Fitch accused him of ravishing the Breckenridge girl, and the matter complained of in bill number 24 of this record was inadmissible and improper. It was an attempt to show an extraneous offense.

By bills of exception numbers one through twelve, inclusive, appellant complains of certain argument by the prosecuting attorneys which were not a reasonable deduction from any evidence, were improper, highly inflammatory and were prejudicial. We are of the opinion that some of the arguments were improper and outside the record. For the purpose of demonstrating the impropriety of some of these remarks, we quote from bill number one: "Our crime bill is mounting every year. It is costing

you fifteen billion dollars. Every man and woman is paying $120 per year crime toll. Sex crime is on the increase. Criminals, as you have here, are on the report of every court docket." Again, it was said: "The reasons he did not put B. B. Hardy on the stand,—because we would have shown something that happened that morning. There he stands now." Again: "Why did he not let me prove that he tried to assault other little girls if he wanted to be fair."

The trial court certified that the arguments complained of were withdrawn from the jury; that they were not supported by any evidence; were highly prejudicial to the rights of the defendant and not in reply to anything said by defendant's counsel.

Under the certificate of the trial court and the holdings of this Court in the cases of Money v. State, 71 S. W. (2d) 1101, and Rehm v. State, 78 S. W. (2d) 983, we feel constrained to reverse this cause. In cases of this nature, which tend to arouse passions to a high pitch, great care should be taken in the presentation of the facts to a jury and in the discussion thereof, so as not to improperly arouse the indignation and prejudice of the jury and lead them from an impartial consideration of the facts. Often a discussion of matter, apparently trivial, may prejudice the accused's rights. See Gazley v. State, 17 Texas Crim. Rep. 267; Garrett v. State, 203 S. W. 598; Cooper v. State, 163 S. W. 424.

In view of the disposition we are making of this case, we deem it unnecessary to consider and discuss the other matters herein complained of.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.