CURTIS GRADY STRAHAN V. STATE

No. 34,716.  June 27, 1962

*Chap. B. Cain, Chap B. Cain, Jr.,* by *O. R. Burch,* of Counsel, Liberty, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

No statement of facts accompanies the record.

Appellant presents six formal bills of exception complaining of the closing argument of the County Attorney to the jury. It is certified in Formal Bills Nos. 1, 2, 3, 5 and 6 that there was no evidence to support the argument of which he complains.

In Bill No. 4, no certification is made that the argument set forth therein was not supported by the evidence, hence it cannot be appraised because no statement of facts accompanies the record.

In Bills Nos. 5 and 6, respectively, the argument complained of was:

"I do not have a sympathetic father or mother, I am representing, but I am representing all of the human beings in the State of Texas. I am the one who has to prosecute the people who take the lives of others on our highways every day. When you are deliberating this case, have little mercy for the Defendant but save a little mercy for the people that have to travel the highways, it is these people of the State of Texas that I am representing. Think of his side but also think of the other side, the people who have to travel our highways, they are the ones that are involved in this case. These officers are doing exactly what they are paid to do, by you and all other taxpayers."

"When you and your family are on these highways driving you can't help but sometimes wonder if some drunk driver is going to hit you, run over you and kill you."

A consideration of the statements in these bills shows that they are an appeal for a strict enforcement of the law and present no error. Rodgers v. State, 168 Texas Cr. Rep. 386, 328 S.W. 2d 301.

The arguments complained of by Bills No. 1, 2 and 3 are, in order, as follows:

"I cannot try this case to please these attorneys, Mr. Tucker and Mr. Cain, or any other defense attorneys."

"If the gates start closing, Mr. Cain, don't start squealing."

"Do you look to Mr. Cain and Mr. Tucker to protect you or will you look to these officers?"

The objections to the arguments set forth in these three bills were in substance that they were not supported by the evidence, were inflammatory and prejudicial, and were personal invective statements addressed to the attorneys for the defense which were calculated to injure the rights of the appellant.

These bills show that the trial court refused to instruct the jury not to consider such arguments. Bill No. 2 recites that it was not made in reply to any argument or defense of the appellant. Bills Nos. 1 and 3 recite that they were made in rebuttal to argument of the defense attorneys.

While these bills set out the language of which the appellant complains, they are but isolated, one sentence statements, and do not show in what context they were used.

It is apparent that such arguments violated no mandatory statute. The minimum puuishment was assessed by the jury. In the face of this record, there is no showing that the arguments complained of resulted in any injury or prejudice to the rights of the appellant. Kline v. State, 184 S.W. 819, 824.

The judgment is affirmed.

Opinion approved by the Court.