**Bill LUMMUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36379.**

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 19, 1964.

Second Motion for Rehearing Denied March 25, 1964.

---

A. L. Lowery, Marion G. Holt, Nacog-doches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, fifteen days in jail and a fine of $50.

■ The testimony of two officers introduced by the state reflects that the appellant was intoxicated while driving an automobile upon a public highway as alleged. They also testified that they found several cold cans of beer in the car, and that two other occupants of the car were intoxicated.

Testifying in his own behalf, the appellant denied that he had drunk any intoxicants or that he was intoxicated, but stated that his two companions were intoxicated and had some beer in the car. Appellant's testimony was corroborated by his two companions.

The jury resolved the issue of intoxication against the appellant and the evidence is sufficient to support the conviction.

There are no formal bills and no objections to the charge of the court.

■ Appellant contends that the prosecuting attorney committed reversible error in his closing argument to the jury.

The prosecuting attorney told the jury that whenever sex offenses take place great public interest is aroused, and urged the jury to consider the seriousness of drunken driving because of the inherent danger arising therefrom, and the needless loss of life. He further urged them to inflict severe punishment for drunken drivers.

The court sustained appellant's objection to the reference to sex offenses and instructed the jury not to consider it.

The argument reveals an appeal for a strict enforcement of the law and presents no error. Rodgers v. State, 168 Tex.Cr.R. 386, 328 S.W.2d 301; Strahan v. State, 172 Tex.Cr.R. 478, 358 S.W.2d 626.

The judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

■ The appellant challenges the correctness of the holding in our original opinion that the complained of argument "reveals an appeal for a strict enforcement of the law and presents no error."

While we do not care to place our stamp of approval upon the argument, we remain convinced that in view of the objection made and the court's ruling, the complained of remarks are not ground for reversal.

The ground of objection was "He is trying to inject sex into this thing." The objection was sustained.

The county attorney then stated: "I am making the argument about safety and how people get all *rowled* up."

The court then instructed the jury: "* * you don't consider anything about sex in this case at all."

The appellant's counsel made no request for such instruction or for further instruction, and did not make known to the court by exception or motion that he was dissatisfied with the court's ruling.

Bridewell v. State, 134 Tex.Cr.R. 77, 114 S.W.2d 259, cited by appellant, was a prosecution for rape. The bill of exception certified that the arguments complained of were highly prejudicial. Part of the argument was "Why did he not let me prove that he tried to assault other little girls if he wanted to be fair?"

We do not agree that Bridewell v. State is authority for reversing this conviction.

Appellant's motion for rehearing is overruled.