Robert SALTZMAN, Appellant,

v.

STATE of Texas, State.

No. 2–88–051–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 30, 1988.

John William Booth, and Lawrence B. Mitchell, Dallas, for appellant.

Jerry Cobb, Criminal Dist. Atty., and Gwinda Burns, Asst. Criminal Dist. Atty., Denton, for the State.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

BURDOCK, Justice.

Robert Saltzman appeals his conviction by a jury of the offense of aggravated delivery of a controlled substance, methamphetamine, in an amount of 28 grams or more but less than 200 grams. The jury assessed his punishment at thirty-five years confinement in the Texas Department of Corrections and a fine of $5,000. In his sole point of error, Saltzman urges that the trial court erred in overruling his objection to the prosecutor's reference, during the punishment phase of the trial, to the First Lady's campaign against drugs. Saltzman's objection was that the comment was outside the record.

We affirm, because we find the prosecutorial argument to have been proper.

The entire prosecutorial argument which forms the basis of Saltzman's point of error is found in the final moments of the prosecutor's rebuttal on the issue of punishment. The complained of argument is as follows:

> [Prosecutor] No one has ever accused me of being a great original thinker, ladies and gentlemen, and because of that I'm going to borrow some words from someone you all do know, *the First Lady of the United States, she has posed a great campaign against drugs* —
>
> [Defense Counsel] Your honor, I'm going to object to her going outside the record; she's outside the record now.
>
> [Prosecutor] Your honor, if he can comment on—
>
> THE COURT: I will overrule the objection.
>
> [Prosecutor] —*she has posed a great campaign, her say no to drugs.* And, ladies and gentlemen, I'm going to borrow her words when I ask you to be unyielding and inflexible to drugs, you can do that and you can make a difference, and to do that, I ask that you assess a sentence of at least forty-five years in the Texas Department of Corrections. Thank You. [Emphasis added.]

A review of the record reveals this is the only reference the prosecutor made to any anti-drug campaign.

The challenged argument in this case was proper. There are four general areas of permissible jury argument in a criminal case: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex.Crim.App.1988); *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984). In this case, the objected to argument can and should be construed as either a plea for law enforcement or an answer to defense counsel's argument.

Since her husband's election as President in 1980, Mrs. Reagan, like many other first ladies, has become a spokesperson for certain public causes. Mrs. Reagan has lent her name and her efforts to a program that attempts to persuade young people, particularly children, to abstain from the use of

narcotics. Due to the efforts of a well-coordinated media campaign assisted by the appearance of high profile individuals such as actors and professional athletes, it is difficult to believe there are those who are not aware of our country's position on drug use. With this in mind, we characterize the prosecutor's argument as a proper plea for law enforcement.

■ Further, it is not necessarily improper to stray outside the record during argument, as Saltzman would have us believe. It is only improper to stray outside the record and inject *facts* that are not in evidence. *See, e.g., Everett v. State,* 707 S.W.2d 638, 640 (Tex.Crim.App.1986) (en banc) (prosecutorial argument that jurors would think differently about the defendant when they heard all the evidence in the case [the evidence which would be adduced during the punishment phase] held to inject new and harmful facts into evidence and invite jury speculation); *Daniel v. State,* 550 S.W.2d 72, 73 (Tex.Crim.App.1977) (prosecutorial argument "[w]e weren't allowed to tell you that a police officer that pursued the individuals was shot and in the hospital for some time and that's why he couldn't make an identification" held to inject new and harmful facts not supported by the evidence).

■ New facts were not injected in the case at bar. Here, the prosecutor simply referred to a well publicized campaign against drugs. Such a reference is proper. *Cf. Decker v. State,* 717 S.W.2d 903, 908–09 (Tex.Crim.App.1986) (en banc) (opinion on reh'g) (prosecutorial argument "[w]e're fighting a war on crime" held to be a proper plea for law enforcement); *Holloway v. State,* 525 S.W.2d 165, 170 (Tex. Crim.App.1975) (prosecutor's argument that "you can consider what many people call 'a war on crime,' and, in essence, it is a war, except the battlefields are different" was a proper plea for law enforcement).

The prosecutor's remarks may also be construed as a response to defense counsel's argument. Shortly before the complained of argument, Saltzman's counsel argued:

*Drugs are a problem. They are. We know that. And you know we are not going to stamp them out today. We are not. I got little kids and you all probably do, too, and we want something done,* but we gotta focus on this guy today, and what you all are going to do. You all are the judge of this man today. [Emphasis added.]

Clearly, the remarks concerning the defense counsel's children were outside the record. Regardless of his reason for doing so, Saltzman's attorney injected the issue of drugs and children into the trial. During rebuttal, the prosecutor simply answered the defense counsel's argument, as was her duty.

■ However, even if we are incorrect in our conclusion that the reference to the "Just say No" campaign constituted proper prosecutorial argument, it is impossible to conclude that such remarks mandate reversal. The test to determine whether improper prosecutorial argument is harmless error is not whether a conviction and/or punishment could have been had without the improper argument, but whether we can determine beyond a reasonable doubt that the complained of argument made no contribution to the verdict. TEX.R.APP.P. 81(b)(2). *See also, Garrett v. State,* 632 S.W.2d 350, 353–54 (Tex.Crim.App. [Panel Op.] 1982).

In this case, the jury had already convicted Saltzman of selling almost one-half pound of a substance which contained a considerable amount of pure methamphetamine. The complained of argument was made during the punishment phase, after Saltzman had been convicted of a felony. Considering the fact that the jury could have assessed a sentence of confinement for life, yet the jury sentenced Saltzman to only thirty-five years and a fine—ten years less than the State's requested forty-five year sentence—we can say beyond a reasonable doubt that the prosecutor's reference to Mrs. Reagan made no contribution to the sentence imposed.

Saltzman's point of error is overruled and the judgment is affirmed.

HILL, Justice, dissenting.

I respectfully dissent. The argument in question constitutes a prejudicial invocation of the name, popularity, and prestige of the First Lady of the United States in support of the prosecutor's contention that a harsh sentence should be assessed. Incredulously, the majority says that such an argument is proper, either as a plea for law enforcement or as an answer to opposing counsel's argument.

The President and First Lady of the United States are public figures which are ordinarily held in very high regard. This has been especially true with respect to Ronald and Nancy Reagan. Voting results show that the President's popularity has been especially high in Denton County, where this case was tried. The majority is correct in saying that the argument is a plea for law enforcement, but they are incorrect in saying that it is a proper plea for law enforcement. Based upon their theory, it would be proper for the State to argue during the trial of a drug case that George or Barbara Bush is opposed to drugs, or that the Pope or some other popular religious figure is opposed to drugs. By extension, the State could argue that General Noriega is in favor of drugs.

The majority also contends that this argument is a proper response to the defense counsel's acknowledgment that the country has a drug problem, but that it cannot be solved by the jury's decision in this one case. I do not see how the invocation of the name of the First Lady and the fact that she is opposed to drugs constitutes a response to that argument of defense counsel. I would therefore hold that this argument did not constitute such a response.

The State cannot be permitted to prejudice the jury by invoking their sympathies either in favor of or against major public figures in an effort to secure a conviction or a stiff punishment, but that is precisely what was done in this case. By its action, the majority establishes the precedent that it is appropriate for the State to do so.

There are factors, including the nature of this crime and the quantity of drugs which Saltzman supplied and the amount he said that he could supply, which could have led to a stiff sentence for Saltzman even in the absence of the prosecutor's argument. However, since no evidence was presented of any prior conviction; since the State was invoking the sympathies of the jury for the First Lady by telling them she was campaigning against drugs; since the President and First Lady are held in extremely high regard, particularly in Denton County; and since the argument was the last argument made to the jury just before they retired to consider their verdict, I am unable to find beyond a reasonable doubt that the argument did not contribute to the punishment assessed.

I would therefore sustain Saltzman's sole point of error and reverse and remand this cause for further proceedings on punishment in accordance with article 44.29 of the Texas Code of Criminal Procedure.