

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00144-CR

WILLIAM KYLE BURTON                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                             STATE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In four points, appellant William Kyle Burton appeals his conviction for driving while intoxicated. We affirm.

## Background Facts

One night in September 2009, Carson Bening, a trooper with the Texas Department of Public Safety, saw appellant driving a car that had a defective license plate lamp. Appellant, who had a passenger in his car, was not swerving,

----

[1]*See* Tex. R. App. P. 47.4.

drifting, or showing any other erratic driving behaviors. After Trooper Bening pulled appellant over, however, Trooper Bening smelled a strong odor of alcohol coming from appellant's car and saw an "open 12 pack of beer." Appellant's eyes were red, bloodshot, and glassy, and his eyelids were droopy. Appellant admitted that he had drunk alcohol, and Trooper Bening smelled a "strong odor of alcohol emitting from [appellant's] breath and person." Appellant also had slurred speech, and he swayed.

Trooper Bening gave appellant standardized field sobriety tests. He saw evidence of appellant's intoxication while appellant performed the horizontal-gaze-nystagmus test, the walk-and-turn test, and the one-legged-stand test. Trooper Bening believed that appellant had lost the normal use of his physical and mental abilities and therefore arrested appellant.

The State charged appellant with driving while intoxicated.[2] Appellant retained counsel, filed several pretrial motions, and pled not guilty. Trooper Bening was the only witness at appellant's trial. The jury found appellant guilty. The trial court imposed appellant's punishment at 180 days' confinement, but it suspended the imposition of that sentence and placed appellant on community supervision for a period of eighteen months. Appellant brought this appeal.

---

[2]*See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2011).

**The Trial Court's Comment and the Denial of Appellant's Motion for Mistrial**

Appellant's first two points concern the same part of the reporter's record, so we will examine them together in the order that they appear in the record. During the State's closing argument concerning appellant's guilt, the prosecutor said,

> [T]he only evidence in front of you is that there was a strong odor of alcohol coming from the vehicle. There's been no evidence that said there wasn't.
>
> There's been no evidence that his eyes were not bloodshot, glassy, and that his eyes were droopy. There is no evidence to counter what Trooper Bening . . . told you about what that means. That bloodshot, glassy eyes, droopy eyes are . . . possible signs of intoxication.
>
> . . . .
>
> Strong odor of alcohol on [appellant's] breath or person. There is no evidence to contradict that he smelled a strong odor of alcohol.

At that point, appellant objected, arguing that the "presentation that there's no evidence to contradict is a comment on the weight of the evidence and it's burden shifting." The trial court sustained the objection and struck the comment "from the jury's mind." While sustaining the objection, the trial court said, "[Appellant] can present evidence if he wants to through third parties." The following exchange then occurred:

> [THE STATE]: My understanding of closing is to characterize the evidence. And the only evidence -- and there is no evidence that there was not a strong odor of alcohol. The only evidence before the jury is that.

3

THE COURT: That is true. But I do not want the jury to make any inference that that has anything to do with the Defendant's failure to testify.

[THE STATE]: Yes, sir.

THE COURT: And I know the jury understands that.

[THE STATE]: And during voir dire I said --

[DEFENSE COUNSEL]: Your Honor, before I sit down I'd like to move for a mistrial based on --

THE COURT: Motion for mistrial denied.

[THE STATE]: . . . The only evidence is that there was a strong odor of alcohol on the Defendant's breath or person. They could have called Ms. Marks,[3] she's sitting out in the hallway.

[DEFENSE COUNSEL]: Objection, Your Honor, again, it's the same --

THE COURT: I'll overrule that one. *You could have called her if you wanted to.*

[DEFENSE COUNSEL]: It's shifting the burden and it's a comment on the weight of the evidence and it's also -- shifts the burden to . . . somehow prove his innocence.

THE COURT: Overrule that one. [Emphasis added.]

**The trial court's discretion in denying appellant's motion for mistrial**

In his second point, appellant argues that the trial court erred by denying his motion for mistrial. We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 3030 (2011). We uphold the trial

---

[3]Megan Marks was apparently the passenger in appellant's car on the night of his arrest.

4

court's ruling if it was within the zone of reasonable disagreement. *Id.* Mistrial is appropriate for only "highly prejudicial and incurable errors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004).

Appellant contends on appeal that the State's argument was improper because it commented upon his decision to not testify and infringed upon his right against compelled self-incrimination under federal and state law. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (West 2005). "A comment on [a] defendant's failure to call available witnesses does not constitute an improper reference to [a] defendant's failure to testify." *Bodiford v. State*, 630 S.W.2d 847, 852 (Tex. App.—Fort Worth 1982, pet. ref'd); *see Bible v. State*, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005) (explaining that it is "well-settled that the prosecutor, in argument, may comment on the defendant's failure to call certain witnesses"); *Zavala v. State*, No. 14-10-00286-CR, 2011 WL 5156843, at *11 (Tex. App.—Houston [14th Dist.] Nov. 1, 2011, pet. ref'd) ("[T]he State may comment on a defendant's failure to produce evidence, as long as the remarks do not fault the defendant for exercising his right not to testify."). As the court of criminal appeals has explained,

> To violate [a defendant's] constitutional and statutory rights, the language, viewed from the jury's perspective, "must be manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify." A mere indirect or implied allusion to the accused's failure to testify does not violate [the defendant's] rights. A remark that calls attention to the absence of evidence which only the defendant could supply will result in reversal; however, if the language can reasonably be construed to refer to [the defendant's] failure to

5

produce evidence other than his own testimony, the comment is not improper.

*Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995) (citation omitted), *cert. denied*, 517 U.S. 1106 (1996); *see Dotson v. State*, 146 S.W.3d 285, 298 (Tex. App.—Fort Worth 2004, pet. ref'd) (explaining that to be impermissible, the implication that the comment referred to the accused's failure to testify must be clear).

Appellant complains about the prosecutor's comments that the jury had heard only evidence that there was a strong odor of alcohol and that the jury had not received evidence to the contrary. These comments did not necessarily reference appellant's decision to not testify. The jury knew, through Trooper Bening's testimony and through the video recording of the traffic stop, that a passenger was in appellant's car when he was arrested, and the prosecutor's argument may be reasonably construed to refer to appellant's failure to produce the passenger's testimony. *See Patrick*, 906 S.W.2d at 490–91; *Meridyth v. State*, 163 S.W.3d 305, 311 (Tex. App.—El Paso 2005, no pet.) ("[T]here were others besides Appellant who could have testified as to whether the substance found was cocaine . . . . Consequently, as seen from the jury's standpoint, there is no showing that the language used was manifestly intended . . . [as] a comment on the failure of the accused to testify."); *Gumpert v. State*, 48 S.W.3d 450, 457 (Tex. App.—Texarkana 2001, pet. ref'd) (explaining that a prosecutor's argument could not violate the defendant's rights because the jury was "apprised

6

of the existence of at least one other witness besides [the defendant] who did not testify"), *cert. denied*, 535 U.S. 1064 (2002).  Moreover, the jury could not have naturally taken the prosecutor's argument as a comment on the defendant's failure to testify because the trial court specifically explained that it did not want the jury to construe the argument as "any inference that that ha[d] anything to do with the Defendant's failure to testify."  *See Patrick*, 906 S.W.2d at 490.  For these reasons, we hold that the trial court did not abuse its discretion by overruling appellant's motion for mistrial based on the prosecutor's comments quoted above, and we overrule appellant's second point.  *See Coble*, 330 S.W.3d at 292.

**The forfeiture of appellant's complaint about the trial court's comment**

In appellant's first point, he argues that the trial court erred by making a comment (which we italicized above) that appellant could have called Marks, the passenger, to testify if he had wanted to.  Appellant recognizes that he did not object to the comment, but he argues that the trial court committed fundamental error that did not require an objection.  *See* Tex. R. Evid. 103(d).  Specifically, he argues that the trial court's comment infringed upon his right against compelled self-incrimination and violated his right to a fair trial.

In general, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319

7

S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Preservation of error is a systemic requirement. *Id.* at 473–74; *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).

Forfeiture for lack of an objection applies to most comments made by a trial court. *See Sharp v. State*, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986), *cert. denied*, 488 U.S. 872 (1988); *Madrigal v. State*, 347 S.W.3d 809, 815 (Tex. App.—Corpus Christi 2011, pet. ref'd) (mem. op). Forfeiture also applies to most constitutional errors. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009); *Mendez*, 138 S.W.3d at 342; *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex. Crim. App. 2002). More specifically, a defendant's challenge about the violation of his privilege against self-incrimination must be preserved by an objection. *See, e.g.*, *Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 929 (1998); *Ramirez v. State*, 815 S.W.2d 636, 646 (Tex. Crim. App. 1991).

Preservation requirements do not apply, however, to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal. *State v. Dunbar*, 297 S.W.3d 777, 780

8

(Tex. Crim. App. 2009). Systemic requirements—also known as absolute requirements or prohibitions—are laws that a trial court has a duty to follow even if the parties wish otherwise. *Mendez*, 138 S.W.3d at 340. "Waivable only" rights include the right to the assistance of counsel and the right to trial by jury. *Saldano*, 70 S.W.3d at 888.

The court of criminal appeals has indicated that some comments by a trial court require no objection to be challenged on appeal. *See Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.).[4] We conclude, however, that the comment that appellant has challenged in this case does not rise to the level of a comment for which no objection is required to preserve error. *Cf. id.* ("The comments of the trial judge, which tainted appellant's presumption of

---

[4]In *Blue*, the trial judge apologized to a group of prospective jurors because they had to wait a long time, and he told them, in part,

> [This case], which we are going on, is a situation where the attorney has been speaking to his client about what does he want to do. . . . Frankly, an offer has been made by the State or do I go to trial. And he has been back and forth so I finally told him I had enough of that, we are going to trial. . . .
>
> Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done . . . .

41 S.W.3d at 130. Because *Blue* is a plurality opinion, it is not binding precedent on the court of criminal appeals or on us. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); *Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Nevertheless, we have applied *Blue* to complaints about trial courts' comments. *See, e.g., Davenport v. State*, No. 02-05-00170-CR, 2006 WL 1653320, at *3–4 (Tex. App.—Fort Worth June 15, 2006, pet. ref'd) (mem. op., not designated for publication).

innocence in front of the venire, were fundamental error of constitutional dimension and required no objection."); *see also Jasper*, 61 S.W.3d at 420–21 (distinguishing *Blue* and overruling a point about a trial court's comments, in which the trial court became irritated at the defendant's attorney and told the attorney to "[k]nock it off," because the comments did not "bear on the presumption of innocence or vitiate the impartiality of the jury"); *Ganther*, 187 S.W.3d at 650 (holding similarly). Here, the trial court explained, perhaps superfluously,[5] the valid reason that it was overruling appellant's objection, but unlike in *Blue*, the court did not convey its opinion about appellant's guilt.

Because we hold that the trial court's statement does not fall into the categories for which no objection is required, we conclude that appellant was required to object to the statement in order to preserve his complaint for our review. *See* Tex. R. App. P. 33.1(a); *Dunbar*, 297 S.W.3d at 780. Appellant did not object, so we hold that he forfeited the complaint, and we overrule his first point.

---

[5]Article 38.05 of the code of criminal procedure states that in "ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible." Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979). But a violation of article 38.05 may be forfeited by the lack of an objection. *See Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App.—Austin 2008, pet. ref'd) ("The contemporaneous objection requirement encompasses improper comments by the trial court on the weight of the evidence."); *see also White v. State*, 601 S.W.2d 364, 366 (Tex. Crim. App. [Panel Op.] 1980) ("[T]here was no objection to [the trial court's] comment at the time it was made, which precludes review on appeal.").

## The Prosecutor's Plea for Law Enforcement

In his third point, appellant argues that the trial court erred by overruling another objection that he made during the prosecutor's closing argument during the guilt phase. Toward the end of the argument, the following exchange occurred between the prosecutor, appellant's counsel, and the trial court:

> [THE STATE:] [O]n that tape he doesn't think he did anything wrong.[6] He thinks that he's supposed to be able to do that, all right. And that's fine and dandy except for one small thing, and it's another thing that we talked about in voir dire, and that is what harm are we trying to prevent.
>
> [DEFENSE COUNSEL]: Objection, Your Honor, this is improper argument. It's some type of societal expectation argument.
>
> [THE STATE]: Asking for law enforcement, Your Honor.
>
> THE COURT: Overruled.
>
> [THE STATE]: What harm are we trying to prevent with DWIs? We're trying to prevent four Brock cheerleaders from getting killed.[7] We're trying to prevent somebody from driving one way on I-35.
>
> [DEFENSE COUNSEL]: Objection, Your Honor, and I'd like a running objection. This is trying to appeal to the sentiment of the jurors based on examples that are not in evidence.
>
> THE COURT: Overruled.

---

[6]After his arrest, while being driven to the jail, appellant attempted to persuade Trooper Bening that the arrest was unjustified. He expressed that he had drunk only three beers. He recognized, however, that he had broken the law.

[7]During voir dire, the trial court had stated, "Nobody likes drunk drivers, nobody likes people that drive and kill people. Everybody in this county knows about the four girls from Brock that got wiped out."

11

We review a trial court's ruling on a defendant's objection to the State's jury argument for an abuse of discretion. *See York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd); *Montgomery v. State*, 198 S.W.3d 67, 95 (Tex. App.—Fort Worth 2006, pet. ref'd). To be permissible, the State's jury argument must be a summation of the evidence, a reasonable deduction from the evidence, an answer to an argument of opposing counsel, or a plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993).

Appellant contends that the State's argument was improper because it was a "historical and regional reference to a tragedy" that interjected facts that were outside of the record. For this proposition, he relies on a single opinion from one of our sister appellate courts. *See Brown v. State*, 978 S.W.2d 708, 713–14 (Tex. App.—Amarillo 1998, pet. ref'd). In *Brown*, during the punishment phase of Brown's trial for aggravated kidnapping, a prosecutor stated that Brown was mentally ill and compared Brown's apparent mental illness to the mental illnesses of Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy. *Id.* at 714. The trial court overruled Brown's objection to these comparisons, but the Amarillo Court of Appeals reversed that ruling, explaining,

> Comparing an accused or his acts to those of a notorious criminal is, according to the Texas Court of Criminal Appeals, an improper and erroneous interjection of facts not in the record. *Stell v. State*, 711 S.W.2d 746, 748 (Tex. App.—Corpus Christi 1986, no pet.) (comparing the accused to Lee Harvey Oswald); *see Rehm v. State*, 128 Tex. Crim. 59, 78 S.W.2d 983, 984–85 (1935) (comparing the accused's acts to those of Clyde Barrow and John Dillinger).

12

Here, the State's comments are tantamount to comparing appellant and his defense to Jeffrey Dahmer, John Wayne Gacy, and Ted Bundy and the defenses they raised. Each of the three individuals to which he was compared was or is a notorious serial murderer whose despicable acts remain fresh in the collective mind of the public. And, in arguing as it did, the State not only invoked the memory of the horrific crimes they committed but also effectively asked the jurors to punish appellant like they were punished, that is, by the assessment of imprisonment.

*Id.*; *see also Gonzalez v. State*, 115 S.W.3d 278, 283–85 (Tex. App.—Corpus Christi 2003, pet. ref'd) (holding that a prosecutor's argument was improper when the prosecutor made a direct comparison between the defendant and Osama bin Laden).

The argument by the prosecutor in this case is similar to the one in *Brown* (and the cases cited therein) to the extent that the prosecutor's argument referenced matters that were outside of the evidence and that the jury might have considered to be horrific. But unlike the argument in *Brown*, the prosecutor in this case did not compare appellant's actions to another criminal or crime; instead, the prosecutor referenced other instances of DWI to explain the type of harm that enforcing DWI laws may prevent. This argument is similar to arguments that the court of criminal appeals has approved as proper pleas for law enforcement. As that court explained in *Borjan v. State*,

A proper plea for law enforcement may take many forms, one of which is to argue the relationship between the jury's verdict and the deterrence of crime in general. As the State notes, this Court has permitted the prosecutor to argue that juries should deter specific crimes by their verdict.

13

The State may also argue the impact of the jury's verdict on the community. . . .

. . . [T]his Court has permitted arguments on behalf of law enforcement officers who were the victims of a criminal offense. This Court has also approved of arguments on behalf of the rights of highway drivers subjected to drunken drivers. Likewise, this Court has permitted arguments on behalf of women and children. These types of arguments are permissible in that the jury is reminded of the effect that their verdict may have on the rights of a particular segment of the community.

787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990) (citations omitted) (holding that it was proper for the prosecutor, in the punishment phase of a trial for aggravated rape, to urge the jury to think about other victims of similar crimes because this was a proper plea for law enforcement); *see also Stone v. State*, 574 S.W.2d 85, 90 (Tex. Crim. App. [Panel Op.] 1978) (concluding that a prosecutor's argument for the jury to consider "other children" who had been sexually abused was a proper plea for law enforcement in the punishment phase of a sexual abuse case). Fifty years ago, the court of criminal appeals held that a prosecutor had properly made a plea for law enforcement when stating, in a closing argument that apparently concerned the defendant's guilt for DWI,

'I do not have a sympathetic father or mother, I am representing, but I am representing all of the [human] beings in the State of Texas. I am the one who has to prosecute the people who take the lives of others on our highways every day. When you are deliberating this case, have little mercy for the Defendant but save a little mercy for the people that have to travel the highways, it is these people of the State of Texas that I am representing. Think of his side but also think of the other side, the people who have to travel our highways, they are the ones that are involved in this case. These officers are doing exactly what they are paid to do, by you and all other taxpayers.'

14

> 'When you and your family are on these highways driving you can't help but sometimes wonder if some drunk driver is going to hit you, run over you and kill you.'

*Strahan v. State*, 172 Tex. Crim. 478, 479, 358 S.W.2d 626, 627 (1962). The court's opinion in *Strahan* cited another case, decided three years earlier, in which the court approved of the following argument as a plea for law enforcement:

> 'Ladies and Gentlemen of the jury, your verdict in this case will tell the law enforcement officers of this county whether you are in favor of letting drunk drivers roam over the highways of this country without fear of being punished. You'll be just as dead, whether you are killed by a drunk mail carrier or some other drunk. Your verdict will tell these officers and the people of this county whether you want the law enforced or not.'

*Rodgers v. State*, 168 Tex. Crim. 386, 387–88, 328 S.W.2d 301, 302 (1959); *see also Nichols v. State*, 504 S.W.2d 462, 465 (Tex. Crim. App. 1974) (holding that it was "nothing more than a plea for law enforcement" when the prosecutor argued in a DWI case, "I ask you to find the defendant guilty and all those like him because we are all going to get in our cars, and we are going to go home"); *Lummus v. State*, 376 S.W.2d 346, 347 (Tex. Crim. App. 1964) (declaring that an argument was proper in a DWI case when the prosecutor "urged the jury to consider the seriousness of drunken driving because of the inherent danger arising therefrom, and the needless loss of life"); *Waters v. State*, 330 S.W.3d 368, 377 (Tex. App.—Fort Worth 2010, pet. ref'd) ("[W]e hold that the prosecutor's remarks . . . referring to the risks of injury or death imposed by

15

drunk drivers, regardless of the lack of evidence in the record that someone was injured or killed, are proper pleas for law enforcement.").

We recognize that the argument in this case referenced specific examples of harm from DWIs while the cases cited above discussed such harm in more abstract terms. But we have held that discussing specific matters outside of the record during closing argument is not always improper. *See Saltzman v. State*, 762 S.W.2d 376, 378 (Tex. App.—Fort Worth 1988, pet. ref'd) (holding that a prosecutor made a proper plea for law enforcement although he discussed Nancy Reagan's campaign against drug use, which was a matter that was outside of the record); *see also Laca v. State*, 893 S.W.2d 171, 185 (Tex. App.— El Paso 1995, pet. ref'd) ("A prosecutor can refer to the existence of other victims of crime in argument, as a plea for law enforcement."). We conclude that the argument at issue is more similar to the approved arguments in the cases cited above than to the disapproved arguments in *Brown* and cases like it, in which prosecutors compared the defendants on trial to notorious criminals.

The prosecutor's closing argument in this case, which informed the jury that by enforcing the DWI law, the State was seeking to prevent DWI-related deaths, is substantially similar to the arguments in *Strahan*, *Nichols*, and *Lummus*, which did the same. Thus, we hold that the trial court could have reasonably determined that the prosecutor's argument that referenced accidents caused by DWIs was a plea for law enforcement. *See Felder*, 848 S.W.2d at 94– 95; *Strahan*, 172 Tex. Crim. at 479, 358 S.W.2d at 627; *see also Piatt v. State*,

16

No. 01-00-00102-CR, 2001 WL 361324, at *2 (Tex. App.—Houston [1st Dist.] Apr. 12, 2001, no pet.) (not designated for publication) (holding that a prosecutor's arguments that DWIs were a "cancer" and that no one should have a loved one killed by a drunk driver were proper pleas for law enforcement).  We therefore conclude that the trial court did not abuse its discretion by overruling appellant's objection to the argument, and we overrule appellant's third point.

### Alleged Cumulative Error

In his fourth point, appellant argues that the alleged errors discussed above cumulatively denied him a fair trial.  He asserts, "The cumulation of these errors overwhelms any assertion that they were harmless."  We have determined, however, that no error exists in relation to appellant's first three points, so we overrule his fourth point on that basis.  *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) ("[W]e are aware of no authority holding that non-errors may in their cumulative effect cause error."), *cert. denied*, 528 U.S. 1082 (2000).

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgment.


          TERRIE LIVINGSTON
          CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 29, 2012